UNITED STATES v. McCASKILL et al.

(District Court, N. D. Florida. November 27, 1912.)

1. PUBLIC LANDS (§ 13*)—CUTTING TIMBER—ACTION—NUMBER OF LOGS—PROOF.

In an action by the United States to recover for the taking of logs from a public domain, the jury is confined to the evidence for the ascertainment of the number of logs cut and removed from the land; but, having found from the evidence that defendants or their agents cut and removed logs from the land, the jury were entitled to indulge every fair and reasonable inference supported by the evidence as to the extent of the cutting and taking in favor of the United States and against the defendants, and find such number of logs as they were reasonably satisfied, from all the evidence and reasonable inferences, were taken.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. § 13.*]

2. PUBLIC LANDS (§ 13*)—CUTTING TIMBER—WILLFUL TRESPASS.

Where defendants directed their agents and servants to cut timber in certain territory, without reference or warning as to lands of the United States in that locality, and such agents and servants proceeded to cut indiscriminately, without reference to land lines or ownership, with defendants' knowledge, defendants' removal of timber from the lands of the United States constituted a willful trespass, and the government was entitled to recover the highest market value of the logs at the place and time of suit, without allowing any credit for expenses of deadening, cutting, or running out the timber.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. § 13.*]

3. PUBLIC LANDS (§ 13*)—CUTTING TIMBER—INNOCENT TRESPASS.

Where defendants cautioned their agents and servants against entering or cutting and removing logs from land of the United States in the vicinity of other land from which they were cutting timber, but, notwithstanding such warning, timber was cut from public lands, defendants were innocent trespassers, and liable to the government only for the value of the logs on the land where felled.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. § 13.*]

4. TRESPASS (§ 67*)—WILLFUL OR NEGLIGENT TRESPASS—INNOCENT MISTAKE—QUESTION FOR JURY.

It is the duty of adjoining landowners or lessees to use ordinary care and diligence to ascertain the boundaries of the lands, and not to encroach on the lands of others in the same vicinity; and hence, in an ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion for trespass, whether the trespass was willful, or negligent, or through innocent mistake, is a question of fact for the jury under all the circumstances.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 150; Dec. Dig. § 67.*]

5. EVIDENCE (§ 598*)—"PREPONDERANCE OF EVIDENCE."
"Preponderance of evidence" means that evidence which is most consistent with the truth as measured by the experience and judgment of the jury; that which accords best with reason and probability. The best test of the preponderance is where the jury believe, from all the evidence and the circumstances in the case, the truth lies.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450–2452; Dec. Dig. § 598.*

For other definitions, see Words and Phrases, vol. 6, pp. 5516–5518.]

At Law. Action by the United States against the J. J. McCaskill Company for alleged timber trespass. Charge to jury.

Fred C. Cubberly, U. S. Atty., of Gainesville, Fla., for the United States.

Reeves & Watson & Pasco, of Pensacola, Fla., for defendants.

SHEPPARD, District Judge. Gentlemen of the Jury: This is an action of trover, instituted by the government against J. J. McCaskill and R. E. L. McCaskill for the conversion to their own use of 746 cypress logs, which the United States alleges were taken from the S. ½ of lot 9, in section 25. and the N. E. ¼ and the S. ½ of lot 1 and lots 4, 5, and 6, in section 36, township 3 N., range 17 W. The plaintiff is suing the defendants for the value of said logs, which it claims were cut and removed from the lands described during the years 1898, 1899, and 1900.

The defendants, the McCaskills, have interposed the plea of not guilty, which in effect is a flat denial that they cut or removed any logs from the alleged descriptions, lands of the United States, or authorized or consented for any one else to do so for them; and this raises the issue which you are to determine from the evidence in the case.

The court instructs you that the title to the land described in the declaration was in the United States, and the timber was government property, during the years 1898, 1899, and 1900; so that leaves the only question for you to determine, is whether the defendants, during the years named, cut or caused to be cut and removed from the lands of the government the logs alleged to have been taken therefrom, or any portion or number of them.

The burden of proof is on the government to show by a preponderance of the evidence that the defendants cut or caused to be cut, or were responsible for the cutting and removing of, the alleged logs, or any of them. So your first inquiry will be directed to the question of whether the McCaskills cut or caused to be cut and removed any logs from the lands of the United States described in the dec-

laration; and if you find from a preponderance of the evidence that the McCaskills cut or caused to be cut and removed, by their agents or by persons in contract with them, any logs from the lands described, you will then ascertain from the evidence the number of logs which you are reasonably satisfied came from the land of the United States.

[1] You are confined to the evidence for ascertaining the number of logs cut and removed from the land. You cannot resort to the realm of conjecture as a basis for a verdict; yet if you believe the defendants or their agents cut and removed logs from the lands in question, and there is uncertainty as to the number taken, you may indulge every fair and reasonable inference supported by the evidence as to the extent of the cutting and taking in favor of the United States and against the defendants, and find such number of logs as you may be reasonably satisfied from all the evidence and reasonable inferences were taken. And having ascertained that from the testimony, if you find that any logs were taken, then you will direct your inquiry to the question of whether the defendants or their agents cut the logs by mistake or inadvertence, or whether it was willful trespass, or so negligently done as to make it willful.

[2] If you find from the evidence that there were logs cut and taken from the land by the agents of the defendants, and such agents of the defendants were directed to cut in the territory without reference or warning as to any land of the United States in that locality, and such agents or employés proceeded to cut indiscriminately, without reference to land lines or ownership, and you find that such conduct was with the knowledge of the defendants, then the jury under such circumstances might find that such conduct was so negligent as to be a willful cutting or willful trespass, and the government would be entitled to recover the highest market value of said logs at the place and time of the bringing of this action—that is, at Pensacola in the year 1911—without any credit or deduction for expenses of deadening, cutting, or running out of said timber. The law thus penalizes a wrongful trespass, and the trespass, if intentional, the trespasser is not entitled to any credit for expenses of producing the article to market; that is, for willfully taking logs that did not belong to them, they shall not be allowed anything for deadening, cutting, sawing, or driving said logs.

[3] If, on the other hand, you believe from the evidence that the defendants first cautioned their agents or those under contract with them against entering upon the lands of the United States, or if the evidence shows they were ignorant of any lands of the United States in that locality, or if their agents or those in contract with them entered upon said lands and cut and removed logs therefrom without the knowledge or consent of the defendants given to such persons to cut from said land, then the defendants come under that class as designated by the law innocent trespassers, and would only be liable to the government for the value of the logs at the time and place of conversion; that is, their value on the land, before they were entirely removed from the government lands.

So, if you believe from the evidence that the defendants were not aware of the lands of the United States in that locality, or that they did not consent or acquiesce or negligently permit their agents or those in contract with them to cut and remove logs from said lands, then they would be liable only for the market value of said logs at Carlysle Lake at the time of conversion.

[4] It is the duty of the owners or lessees of land connecting or adjoining tracts of land belonging to others to use ordinary care and diligence to ascertain the boundaries of said lands, and not to encroach upon the lands of others in the same vicinity, and where the trespass is committed by one upon the land of another it is a question of fact for the jury to determine from all the facts and circumstances whether such trespass was willful or negligent or through innocent mistake. If the jury from all the evidence believe that there was such a disregard of the rights of others as to make it a willful trespass, then the person responsible for the cutting or trespass is held to a higher measure of damages. Therefore, if you find from the evidence that the defendants knowingly caused or permitted Vaughn, the Russians, or Ward to cut any logs from any of the lands of the United States under contract or for wages, or that such cutting was under circumstances from which you might reasonably infer that such cutting was with the knowledge or consent of the defendants, then your verdict should be for the United States, and for the value of said logs taken at the time and place of the bringing of this action; and to that verdict you may in your discretion allow interest from the time of the wrongful cutting.

If you find from the evidence that the defendants' agents cut and removed from the lands of the United States any of the cypress logs claimed, but that the defendants did not know that the logs were cut from the lands of the United States, and had not authorized or acquiesced in such cutting by Vaughn, the Russians, or Ward, then your verdict should be for the United States for such number of logs as the evidence shows were taken from the land, and such value as the evidence shows was their value at the place of the conversion: and to this valuation you may add interest, if you see fit, from the time of the cutting and removing.

If you find from the evidence that the defendants did not cause to be cut and removed from the government lands any logs as alleged, then your verdict should be for the defendants.

The jury is the sole and exclusive judge of the credibility of the witnesses and the weight to be attached to their testimony. You have seen the witnesses as they appeared on the stand, and have heard them testify, and it is your province, in looking into the faces of the witnesses testifying, to determine, from what they have said, what interest, if any, they may have in the suit, or bias or animus they may have shown in giving testimony before you, and credit as you may deem it to be worthy of credit.

You should weigh the evidence carefully, and consider it all together. You should not pick out any particular fact in evidence, or

any particular statement of any witness, and give it undue weight. You should give such weight to inferences from the facts proven as in fairness you think they are entitled to.

[5] What is meant by a preponderance of the evidence, the rule by which the plaintiff must maintain its case, is that evidence which is most consistent with the truth as measured by your experience and judgment—that which accords best with reason and probability. Perhaps the best test of the preponderance is just where you believe from all the evidence and the circumstances in the case the truth to be.

(Orally:)   However, if you find from the evidence that the defendants were innocent trespassers under the instructions I have given you, then you will find the measure of damages to which the United States is entitled to be the value of the logs on the ground as they were cut and severed from the soil; no deduction being allowed for the expense of deadening, cutting, or removing of said logs or sawing them.