## Life & Casualty Ins. Co. of Tennessee v. Deaton.

(Decided May 26, 1936.)

LORIMER W. SCOTT and C. W. YUNGBLUT for appellant.

L. J. CRAWFORD and MARION MOORE for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

508

In March, 1932, for a paid premium, appellant sold, executed, and delivered to appellee a certain life and accident insurance policy. The policy or any copy thereof does not appear in the record, but it is manifest from the pleadings, evidence, and brief of counsel that the liabilities of appellant under the terms of the policy were very restricted in their scope and it insures only against accidents sustained by the insured by coming contact with a vehicle being propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air, or liquid power, etc., while insured. is walking or standing on a public highway, or while riding a bicycle on a public highway, and excludes any portion of a railroad or interurban railway yards, station grounds or right of way except where crossed by a public thoroughfare dedicated to the use of the public for automobiles or horse vehicle traffic, but does not cover what is known as occupational accidents, or any accident received except under conditions indicated above.

At the time of the issuance of the policy and of the accident herein complained of, appellee was employed by the Newport Rolling Mills Company in Newport, Ky., and while in the course of his employment in July, 1932, appellee sustained an injury resulting in the loss of the sight of an eye, for which the policy provided for the payment of $500 if sustained within the terms of the policy.

Appellant denied liability under the terms of the policy on the ground that the accident or injury sustained by appellee was not covered by the policy, that is, the policy did not purport to insure against occupational accidents, but was limited to accidents sustained under conditions indicated above, and refused to pay appellee's claim.

Appellee filed his suit in the Campbell circuit court to recover on the policy, setting out in his petition the issuance of the policy and that under its terms he was entitled to the sum of $500 as therein stipulated. The petition did not set out all the terms of the policy nor the place and circumstances under which he received his injury. The court sustained a demurrer to the petition.

Later, by an amended petition, in an attempt to bring his injury within the scope of his contract, appellee pleaded, in substance, that at the time he contracted for and purchased the insurance policy in question, the agent of the appellant represented to him that the policy contained a provision or provisions to the effect that it insured against accidents sustained while in the regular course of his employment at the Newport Rolling Mills, and, in substance, that it was a general accident policy and extended to and covered accidents received at any time or place including occupational accidents; that he was illiterate and could not read or write and relied solely upon the representations of the agent and purchased the policy because he was induced to believe and did believe that the policy insured against any accidental injuries that he might sustain while engaged in his employment which required him to work in the plant of the Newport Rolling Mills, as well as upon any street or public highway; that the policy was not read or explained to him by the agent or any one, and he paid the premiums thereon and kept it in force believing that it insured against any injury he might sustain while engaged in his employment. He further alleged that appellant's agent was a regular agent of appellant and employed for the purpose of inducing members of the public to enter into contracts of insurance with it, and that the representations made to him by the agent were made for the purpose of inducing him to enter into the contract of insurance and made with the knowledge of the agent that plaintiff was employed at the Newport Rolling Mills which employment required him to work in that plant, and not upon any public highway, and that by reason of such representations of appellant's agent, it is estopped from relying solely upon the provisions of the written contract of insurance which are contrary to such representations.

The court overruled a demurrer to that paragraph or part of the amended petition pleading estoppel because of the alleged representations of the agent, to which ruling of the court appellant excepted.

Appellant filed its answer denying the material allegations of the petition and petition as amended and pleaded the terms of the policy, in substance, that it

did not cover or insure against the injury sustained by appellee while engaged in his employment. Upon the issues thus made by the pleadings a trial was had before a jury and resulted in a verdict of $500 for appellee, plaintiff below. Hence this appeal.

Appellee insists that the court properly sustained his plea of estoppel, and to sustain his insistence he relies upon the cases of Hurst Home Ins. Co. v. Ledford, 207 Ky. 212, 268 S. W. 1090; Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079; Mattingly v. Springfield Fire & Marine Ins. Co., 120 Ky. 768, 83 S. W. 577, 26 Ky. Law Rep. 1187; and other like and similar cases dealing with the question of waiver.

In that line of cases it is held that the acts of an agent of an insurance company, when acting within the apparent scope of his authority, is binding upon the principal, though not actually authorized by his principal and contrary to his instructions.

The question here involved is not one of waiver of the provisions of a contract actually entered into between the parties. It is a question of whether the contract as written includes the entire contract agreed on between the parties, or whether a part of it was left out of the writing by fraud or mutual mistake of the parties. There is no allegation that a part of the contract as agreed on was left out of it as written by fraud or mutual mistake, nor is there any request that the contract be reformed. The alleged omitted part of the contract is sought to be supplied by plea of estoppel.

Appellee's remedy was by petition in equity to have the contract reformed, [United States Fidelity & Guaranty Co. v. Breslin, 243 Ky. 734, 49 S. W. (2d) 1011; H. C. Whitmer Co. v. Jordan et al., 230 Ky. 710, 20 S. W. (2d) 714], and in the case of Glenn v. Hollingsworth, 206 Ky. 392, 267 S. W. 216, involving a question like or similar to the one here involved, and which case was practically like the present one, it was held that no reformation of a contract could be had in the absence of a pleading and prayer to warrant such.

Before appellee can avail himself of his alleged contract agreement with the agent of appellant, it is

necessàry that the contract be reformed. It is fundamental that reformation of contracts is purely equitable, and a plea of estoppel in an action at law as sought by appellee herein, is not the proper remedy. Our conclusion is, therefore, that the trial court should have sustained appellant's demurrer to the petition as amended.

The judgment is reversed and remanded for proceedings consistent herewith.

The whole court sitting.