### RANSOM et al. v. STASO MILLING CO.
### No. 268.

District Court, D. Vermont.
Oct. 13, 1941.

---

Arthur L. Graves, of St. Johnsbury, Vt., and William S. Burrage, of Middlebury, Vt., for plaintiffs.

Lawrence & O'Brien, of Rutland, Vt., for defendant.

LEAMY, District Judge.

The plaintiffs have filed a demand for a jury trial of any issue triable of right by jury, and the defendant has moved that the demand be denied and that the case be placed upon the Court calendar. The basis of the motion is the assertion that the remedy sought is equitable and not within the province of a jury.

In order to determine the validity of the plaintiffs' demand an examination of the complaint is necessary.

Paragraph two of the complaint alleges in substance that in wilful violation of the rights of the plaintiffs, that the defendant negligently, and without fault on the part of the plaintiffs, set off great quantities of explosives on lands of the defendant and that the said explosions caused damage to the residence of the plaintiffs in the sum of $5,000. Paragraph three alleges in substance that the said blasts or explosions were known to the defendant to be unnecessarily heavy and were set off by the defendant "intending to wrong and injure the plaintiffs and to damage the said dwelling house of the plaintiffs" thereby causing the money damage alleged.

Paragraph four alleges in substance that the plaintiffs had notified the defendant of the damages suffered but that the blasting operations had been continued notwithstanding the notice.

Paragraph five alleges that the blasting operations of the defendant have caused, and if continued, will cause "certain and irreparable injuries" to the plaintiffs' residence, and have prevented and will prevent their enjoyment thereof and will "constitute a recurrent nuisance and invasion" of their rights therein.

In the prayer the plaintiffs demand in paragraph one that the defendant be permanently enjoined from conducting any blasting operations which will cause injury and damage to plaintiffs' property, and in paragraph two that they have judgment for the damages already sustained.

The Federal Rules of Civil Procedure have abolished forms of action and procedural distinctions, and provide for a single action and mode of procedure. 28 U.S.C.A. following section 723c, Rule 2.

Here the plaintiffs in their complaint have unquestionably set forth an action at law for damages occasioned by the blasting, and have also asked for injunctive relief to prevent a recurrence of the damage.

This is permitted under the new rules. Rule 18 provides that "The plaintiff in his complaint * * * may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party." 28 U.S.C.A. following section 723c.

In fact rule 8 expressly provides that "A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both." 28 U.S. C.A. following section 723c, Rule 8(e) (2).

To preserve the right to trial by jury Rule 38(a) provides that "the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a Statute of the United States shall be preserved to the parties inviolate." 28 U.S.C. A. following section 723c.

As was stated by Judge Brewster in Bellavance v. Plastic-Craft Novelty Co., D. C., 30 F.Supp. 37, 39: "To avoid constitutional complications, Rule 38 preserved those rights to a jury trial as declared by the Seventh Amendment, or as given by a statute of the United States. Inasmuch as this amendment applies only to suits at common law, a distinction will always need to be drawn between suits at law and suits in equity in order to determine whether one has a right, under the Constitution, to have the issues of the case determined by a jury. The distinction between Law and Equity, abolished by the new rules, is a distinction in procedure and not a distinction between

remedies. The distinction still remains between jury actions and non-jury actions; what was, before the adoption of the new rules, an action at law is a jury action, and what was a suit in equity falls into the category of a non-jury action."

This was the holding in Fitzpatrick v. Sun Life Assurance Co., D.C., cited in 1 F.R.D. 713, 714, 715, wherein the Court said:

"Causes of action historically legal are triable by the jury; causes of action historically equitable are triable by the court. *If both are joined in a single civil action, the appropriate mode of trial must be followed as to each, and, in that sequence which will promote efficient administration without curtailing the substantive rights of the respective parties.*" (Italics supplied.)

Where the plaintiff seeks to recover on a purely equitable theory and joins an incidental claim for damages it is well settled that the case is in equity and the Court will take jurisdiction of the incidental law action. But where the gist of the action is for money damages, which at common law would fall within a well recognized form of action, such as an action of tort for damage to property, or person, the case is for the jury if demand for jury is made, even though there has been added an incidental prayer for equitable relief.

"In fact, any claim for damages is triable by jury if it was so triable heretofore, even if an incidental claim for an injunction is joined with it." Holtzoff, New Rules of Federal Procedure and the Courts, page 111.

An examination of the complaint discloses that the action is really nothing other than one for money damages for injury to real estate. The complaint, it is true, prays for an injunction but the injunction prayed for is that the defendant be restrained from repeating the acts complained of.

Paragraph two of the complaint is in its essence an action at law for money damages for injury caused by the negligence of the defendant, while paragraph three is essentially an action at law for money damages for injury caused by the wilful act of the defendant, and beyond question the complaint states a case formerly cognizable in law and the equitable relief prayed for can be viewed merely as incidental to the money judgment demanded.

In any event the result is inescapable. Whether the complaint be considered as an action at law, with equitable relief incidentally prayed for, or whether the complaint be considered as an action at law and an action in equity joined, so as to fall within the rule stated in Fitzpatrick v. Sun Life Assurance Co., supra, it must necessarily follow that the plaintiffs are as of right, entitled to a trial by jury on all issues raised in paragraphs two and three of the complaint, and on all legal issues raised in paragraph five of the complaint. All equitable issues to be tried to the Court.

By reason of the foregoing, the defendant's motion to strike off plaintiffs' demand for a jury trial is denied.