### ALL AMERICAN AIRWAYS,
### Inc., et al.
### v.
### VILLAGE OF CEDARHURST et al.
### Civ. No. 12680.

United States District Court
E. D. New York.
May 6, 1954.

See also, D.C.N.Y., 111 F.Supp. 677.

Fowler Hamilton, New York City, for plaintiffs, All American Airways, Inc., et al.

Sidney Goldstein, New York City, for plaintiff Port of New York Authority.

Samuel J. Cohen, New York City, for plaintiffs Airline Pilots Ass'n International et al.

Leonard P. Moore, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., James E. Kilday, Esq., Sp. Asst. to Atty. Gen., U. S. Dept. of Justice, Gerald

F. Krassa, Washington, D. C., of counsel, for Civil Aeronautics Board.

Emerson A. Swartz, Garden City, N. Y., James G. Moore, Garden City, N. Y., of counsel, for defendants in their individual capacities.

BRUCHHAUSEN, District Judge.

The plaintiffs, other than the intervenors, move for an order, pursuant to Rule 39(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., striking and vacating the defendants' demand for a trial by jury and transferring the action from the jury calendar to the non-jury calendar of this Court upon the ground that the issues raised by the pleadings are equitable and are triable by the Court without a jury. The intervenors, by separate motion, seek the same relief.

The plaintiffs in the action comprise ten air line companies, The Port of New York Authority, Air Line Pilots Association International and ten air pilots, individually and on behalf of all that class of persons whose employment requires them to pilot aircraft to and from New York International Airport, also known as "Idlewild". The intervenors are the Administrator of Civil Aeronautics and Civil Aeronautics Board. The defendants are the Village of Cedarhurst and six named individuals, officials of the village, sued in their official and individual capacities.

The demand for a jury trial, dated March 17, 1953, is the subject of these motions. It was filed by the said six defendants, in their individual capacity. Therein they demand a trial by jury on the counterclaims, alleged in their answer.

Rule 38 of the Federal Rules of Civil Procedure provides that the right to trial by jury as declared by the Seventh Amendment to the Constitution of the United States or as given by a statute of the United States shall be preserved to the parties to an action. No claim is

made by the defendants that they are entitled to the right to trial by jury under any statute. The Seventh Amendment provides:

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved".

■■ The fact that present rules of pleading permit parties to join all of their causes of action in a single lawsuit has no bearing upon the question as to whether they are triable, with or without a jury. Ransom v. Staso Milling Co., D.C., 2 F.R.D. 128. The question of the right of jury trial must be decided upon the allegations in the pleading. Ring v. Spina, 2 Cir., 166 F.2d 546.

The two counterclaims which the said individual defendants claim are triable by jury are contained in the second amended answer.

The first of the said counterclaims is alleged therein in paragraphs 23 to 33, both inclusive. In that counterclaim, the said individual defendants counterclaim only against the plaintiff, The Port of New York Authority. The said defendants allege therein, in substance, that it is a counterclaim for a declaratory judgment; that the transactions of said plaintiff constitute a nuisance; that the individual defendants are owners of dwellings in the Village of Cedarhurst; that prior to 1948, the said plaintiff constructed an airport in Queens County; that on or about July 1, 1948, the said plaintiff commenced operation of the airport for use of aircraft; that in connection with such operation it maintains a runway, near the boundary of the Village of Cedarhurst; that flights of aircraft to and from the runway interfere with the sleep of residents, adversely affecting their health, depreciating the value of their properties and creating a nuisance, to the great damage of the individual defendants; that the said plaintiff threatens to continue to maintain said runway for 1000 flights per day and that the defendants have no adequate remedy at law. The prayer for relief is that it be adjudged that the plaintiff, The Port of New York Authority, in operating and maintaining the airport operates and maintains a nuisance.

The second of the said counterclaims is alleged in the second amended answer in paragraphs 34 to 40, both inclusive. In that counterclaim, the said defendants counterclaim only against the ten air line corporations and not against the intervenors or the other plaintiffs. The said defendants allege therein, in substance, that it is a counterclaim for an injunction prohibiting the said plaintiffs from committing and continuing to commit trespasses on the property of the said individual defendants; that the said defendants are owners of dwellings in the Village of Cedarhurst and of the air space superjacent to their properties; that since on or about July 1, 1948, the aircraft of the plaintiff airlines have continuously, wrongfully and without any legal right entered into and used such airspace as a means of ingress and egress to the aforesaid airport, causing great annoyance and vibration and depriving the defendants of the quiet and peaceful enjoyment of their properties; that if the said acts are permitted to continue, the defendants will suffer irreparable injury, and repetition and continuance of the same will constitute a nuisance and that the defendants have no adequate remedy at law. The prayer for relief is that an injunction issue restraining and enjoining the plaintiff airlines from committing and continuing the trespasses complained of and abating the said nuisance.

■ In the said first counterclaim the individual defendants ask for a declaratory judgment. Whether the action is one recognized by common law or is a suit in equity must be ascertained by an examination of the issues presented by

the counterclaim itself. Hargrove v. American Cent. Ins. Co., 10 Cir., 125 F.2d 225; Rules 57, 38 and 39 of the Federal Rules of Civil Procedure. Generally, actions wherein money damages are sought are triable by a jury. This is supported by the cases of U. S. v. McCaskill, D.C., 200 F. 332 and Collins v. Streitz, 9 Cir., 95 F.2d 430, cited by the defendants. The defendants, however, misconstrue those cases. In both, the plaintiffs therein sued for money damages and made no claims for injunction or other equitable relief. The principles are set forth in the case of Russell v. Laurel Music Corp., D.C., 104 F.Supp. 815, involving claims for money damages for infringement and injunction, restraining continuance of the abuse. The Court held that the cause of action for money damages was triable by a jury but that the issues on the injunction claim were triable only by the Court. The action clearly involved a common law claim as well as an equitable claim. In the case of United States v. State of Louisiana, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216, the plaintiff sought an injunction, restraining trespass. The Court held it was an action in equity and not an action at law and that the Seventh Amendment, aforesaid, applied solely to law actions. See also Root v. Lake Shore & M. S. Ry. Co., 105 U.S. 189, 26 L.Ed. 975; Geneux v. Texas & Pac. Ry. Co., D.C., 98 F.Supp. 405, and Blechman, Inc., v. I. B. Kleinert Rubber Co., D.C., 98 F.Supp. 1005.

■ It is plain that the first counterclaim does not assert a claim known to the common law. While the allegation made therein by the defendants that they have no adequate remedy at law is not controlling, it does support the plaintiffs' position that the action has not the basis of a common law claim, triable by a jury. The second counterclaim is for equitable relief, an injunction, and under the aforesaid authorities is triable by the Court, without a jury.

The motions are granted.