Charles E. ANNESS, Appellant,

v.

Claude FREEMAN et al., Appellees.

Court of Appeals of Kentucky.

Oct. 5, 1956.

Carl L. Combs, Lexington, for appellant.

Brown, Miller & Griffin, Lexington, for appellees.

CULLEN, Commissioner.

This action was instituted to obtain specific performance of a contract for the sale of land. The contract provided that the land would be free for use as a site for business offices. The purchaser declined to perform on the ground that the seller could not furnish title meeting the terms of the contract, because of a plat restriction limiting the use of the property to single family dwelling units. In the court below the restriction was declared void and the contract specifically enforcible; whereupon the purchaser appealed.

The sole question presented upon this appeal is whether there was sufficient evidence of substantial change in the neighborhood to warrant declaring the restrictive covenant void.

The land in question is a portion of original lots Nos. 2 through 6, in the Rosemill Subdivision, Unit 2, on the south side of the City of Lexington. The plat of this unit of the subdivision was recorded in 1940. Between 1949 and 1951 a major traffic by-pass, known as the Southern U-Pass, was constructed across a number of the lots in Unit 2, and thereafter there

was a substantial commercial development of the neighborhood.

The lots here in question are bounded on the east by the Southern U-Pass and on the north and west by Mitchell Avenue and Rosemill Drive. On the south is a plant nursery, covering a portion of lots 5 and 6. This land has been used for business purposes, in violation of the restriction, for over 10 years.

The testimony of the developer of a nearby shopping center, the city-county building inspector, a subdivider of 310 acres in Fayette County, and others was to the effect that the property is now totally unsuited for residential purposes. Both the owner and the purchaser had talked to the people in the neighborhood and no one had objected to the proposed use. The Fayette County Zoning and Planning Commission, upon petition, had approved a change of zone of this property to permit the erection of an office building and the plans of the proposed building were approved by the commission.

■ It is well established that restrictive covenants against business enterprises will not be enforced when there has been a fundamental change in the character of the property in the restricted area due to municipal expansion, spread of industry and other like causes. See Goodwin Bros. v. Combs Lumber Co., 275 Ky. 114, 120 S.W.2d 1024 and the cases cited therein. However, before a change of conditions will bring into operation the annulment of a restrictive covenant, it must be a change of such character that it clearly neutralizes the benefits of the restriction to such an extent as to defeat the purpose of the covenant. Franklin v. Moats, Ky., 273 S.W.2d 812; Restatement, Property, Sec. 564.

■ The evidence amply supports the finding of the lower court that the change here was such as to defeat the purpose of the covenant. The fact that other property owners have disregarded the restric-

tion tends to show that any previously existing benefits have disappeared. The undisputed testimony of qualified realty experts that the property is no longer suited for residential purposes is persuasive.

While the action of the zoning commission could not destroy the covenant, it shows a transformation of the character of the neighborhood and when added to the other evidence, the change is manifest.

The judgment is affirmed.