Joe JOHNSON, Jr., Appellant,

v.

Cam HOLBROOK, Appellee.

Court of Appeals of Kentucky.

May 24, 1957.

Creech & Cox, Ashland, for appellant.

Burchett & Burchett, Ashland, for appellee.

STEWART, Judge.

The principal question involved in this appeal is whether the lower court acted improperly when it refused to submit to a jury the issue of mutual mistake in the execution of a release but, instead, heard and determined the issue on proof taken by depositions. A further inquiry is whether the chancellor's findings of fact are clearly erroneous and should be set aside.

The essential facts are that appellant, Joe Johnson, Jr., a structural ironworker, on October 30, 1952, was employed by appellee, Cam Holbrook, to install steel trusses for the support of a church roof in Flatwoods, Kentucky. While performing his work, a truss on which he was working fell, and Johnson was thrown to the ground. He sustained certain injuries and was admitted to a hospital where he remained ten days.

Holbrook had no workmen's compensation coverage, and the two men promptly entered into negotiations with the view of adjusting Johnson's claim growing out of his mishap. On November 24, 1952, Johnson in the presence of an attorney retained by him at that time executed a release to Holbrook for the total sum of $1,404 for loss of time and Holbrook, according to the terms of the instrument, was relieved "from any and all liability * * * for personal injuries and losses." In addition, the release contained a stipulation that Holbrook would pay all "doctor bills" incurred by Johnson "as a result of the injuries received." All of the latter expenses were thereafter settled by Holbrook.

Early in 1955, Johnson requested further financial assistance from Holbrook for medical treatment, claiming he still suffered from a back injury as a result of his fall. Holbrook refused such aid and on March 3, 1955, Johnson filed his complaint for damages for permanent disability allegedly sustained by the accident in the aggregate sum of $20,000. Holbrook entered a combined motion to dismiss and for summary judgment, relying upon the release agreement mentioned above and the one-year statute of limitations set forth in KRS 413.140(1) (a). The fifth paragraph of the complaint averred that the release was entered into and executed by the mutual mistake of both of the parties. Specifically, Johnson alleged the instrument "was not intended to cover permanent disability and future medical expenses". The motion to dismiss and for summary judgment was overruled, and Holbrook answered, renewing his defenses based upon the executed release and the statute of limitations and pleading additionally a denial of negligence upon his part.

The issues completed, the action was set for trial by jury, and the trial judge then decided on his own initiative that he would rule on the issues of release and limitations before allowing the negligence question to be heard by a jury, assuming the case would progress to such a point. Depositions were ordered taken for this purpose. The proof developed in this manner was duly presented, and the trial judge determined that the evidence did not establish in a clear and convincing manner that the release or settlement agreement entered into between the parties on November 24, 1952, was the result of mutual mistake. On this ruling alone the complaint was dismissed. Johnson appeals.

In seeking a reversal Johnson strenuously argues that the denial to him of the privilege of presenting his proof to a jury for their determination of the question of mutual mistake constituted a prejudicial error. It is our view this contention is amply refuted by the Kentucky Rules of Civil Procedure and the case law of this state.

CR 39.01 states that when a trial by jury has been duly demanded by a litigant the trial of all issues so demanded shall be by jury, unless " * * * the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or Statutes of Kentucky * * *." CR 43.04, which relates to a trial by deposition, grants to the court the prerogative of ordering testimony to be taken by deposition upon any issue which is to be tried by the court without a jury.

■ Whether or not the right to a trial by jury exists boils down to an appraisal of the issues. As a general rule, this may be arrived at by an examination of the pleadings. It may happen that the right to a jury trial must be decided after an evaluation of the true nature and effect of the basic issues raised by the claims and the defenses and the relief which may be granted to the parties. See Clay, CR 38.01, Comment 2.

Although one form of action is provided by CR 2, this merely signifies that legal and equitable claims or defenses may be merged in a pleading, in order to permit a party to demand either legal or equitable relief or both. This Rule and other Rules we need not mention, while permitting legal and equitable claims or defenses to be fused for purely procedural purposes, did not abolish, and certainly were not intended to abolish, the time-honored distinction between remedies applicable to a legal cause of action or to one sounding in equity. See Clay CR 38.01, Comment 2; Brock v. Farmer, Ky., 291 S.W.2d 531.

■ Thus the separation still remains between jury actions and non-jury causes, and what was, before the adoption of the

new Rules of Civil Procedure, an action at law is a "jury action" and what was a suit in equity is a "non-jury action". Stated differently, causes of action historically legal are triable by jury and causes of action historically equitable are triable by the court, notwithstanding these Rules, and if both are joined in a single cause of action the approriate mode of trial must be followed as to each, and in that sequence which will promote efficient administration without curtailing the substantive rights of the respective parties. See Ransom v. Staso Milling Co., D.C.Vt., 2 F.R.D. 128.

A defendant is entitled to a jury trial only upon those common-law matters as to which a jury trial existed in 1791. United States v. Mesna, D.C.Minn, 11 F.R.D. 86. It is well established in this jurisdiction, and it is also the universal rule, that the reformation of a written instrument is equitable in its nature and therefore a question to be determined by the court without a jury. See Hyden v. Grissom, 306 Ky. 261, 206 S.W.2d 960; Life & Casualty Ins. Co. of Tennessee v. Deaton, 264 Ky. 507, 95 S.W.2d 10; 45 Am.Jur., Reformation of Instruments, Sec. 3, pp. 584, 585. It follows that the trial judge did not violate any constitutional or statutory right of Johnson when he determined the reformation issue in the instant action while sitting as a chancellor. On the contrary, he was under a duty to try this issue without a jury.

It is a well-recognized principle of law that before a written instrument can be set aside on the ground of mutual mistake the evidence must be clear and convincing. See Flimin's Adm'x v. Metropolitan Life Ins. Co., 255 Ky. 621, 75 S.W.2d 207. A mutual mistake in respect to reformation is one in which both parties participate, each laboring under the same misconception. See Kane v. Hopkins, 309 Ky. 488, 218 S.W.2d 37.

In the case at bar, the evidence is in sharp conflict. Johnson's contention that the release was entered into through mutual mistake is predicated upon the assumption that, at the time it was executed, both of the parties believed the injuries sustained by him were of a temporary nature. He testified the agreement was not intended as a release of any claim which might arise in the future from the injuries he sustained while in the course of his employment with Holbrook. Johnson's attorney, however, stated in his deposition that it was his understanding the release was a final settlement conditioned upon the payment of all doctor bills which might be owed to the physician then treating Johnson. Holbrook declared he construed the release to be a full settlement of all claims which Johnson might at any time have against him.

It is obvious we do not have clear and convincing evidence that a mutual mistake was made by the parties in the case at bar. Holbrook's interpretation of the release transaction is diametrically opposite to the meaning Johnson deduces from it. The case of Royer Wheel Co. v. Miller, 50 S.W. 62, 20 Ky.Law Rep. 1831, in discussing the type of proof required to establish mutual mistake, made this statement on the point: " 'Mere preponderance of evidence is not enough; the mistake [or other ground] must appear beyond reasonable controversy.' " When we apply the foregoing legal tests to the facts of this case, it is plainly evident the chancellor was justified in adjudicating that there should be no reformation of the release agreement.

Wherefore, the judgment is affirmed.