Sylvan HALL and Margaret Hall,
Appellants,

v.

ELK HORN COAL CORPORATION,
Appellee.

Court of Appeals of Kentucky.

Jan. 22, 1965.

------

C. W. Napier, Jr., Hazard, for appellants.

J. W. Howard, Howard, Francis & Howard, Prestonsburg, for appellee.

R. C. TARTAR, Special Commissioner.

The appellants, Sylvan Hall and Margaret Hall, have appealed from a judgment which enjoined them from using certain premises owned by them in the mining town of Jackhorn for any mercantile or other business purposes, and confining their use to residential purposes. The action to obtain such relief was brought by the appellee Elk Horn Coal Corporation.

Its standing to maintain the action, the deeds under which appellants claim title to their property and the restrictions contained in their deeds, originated as follows:

In 1946 Elk Horn Coal Corporation as the owner of extensive mining properties in Letcher and Floyd counties and of the mining towns therein embarked upon a program for the sale of lots and houses in the towns to its employees for residential purposes. The towns were Jackhorn and Fleming in Letcher County and Garrett and Wayland in Floyd County, and additions thereto. The towns and additions were separately subdivided and mapped. As noted we are concerned here with premises sold as a part of the Jackhorn subdivision.

Elk Horn Coal Corporation was then in receivership proceedings in the Letcher Circuit Court. The entire subdivision and sales program was undertaken under the auspices and with the approval of the court. Among many other deeds, all iden-

tical except as to the property conveyed, price and plan for payment, the deed made by and on behalf of Elk Horn Coal Corporation to the appellants' predecessors in title was approved by the court.

Elk Horn Coal Corporation excepted and reserved all coal and other minerals beneath the surface of the lots conveyed. And each of the deeds contained the following provision:

"A. For a period of twenty-five (25) years from the date of this deed, the property hereby conveyed shall be used for residential purposes only, and no part thereof, nor any building thereon, nor part thereof, shall be used for mercantile, manufacturing or other business purposes."

House and lot 805–806 in Jackhorn were conveyed by the Elk Horn Coal Corporation to Frank Potter in 1947. The deed contained the provision quoted. The Potters conveyed the same property to the appellants, Sylvan Hall and Margaret Hall in March 1948. The deed was made and accepted subject to the same provision.

All this is conceded. And the appellants admit that they have used their property for mercantile purposes (principally it appears for the sale of groceries) and that they intend to continue to do so unless restrained by the court. They contend that there has been such a change in conditions in the town of Jackhorn that the restriction is no longer enforceable; that the Elk Horn Coal Corporation no longer conducts a mining business, or operates its commissary there; that other residents holding title under like deeds have used their properties for mercantile purposes without interference; and that the Elk Horn Coal Corporation has in effect waived and abandoned its rights to enforce the restriction.

The evidence shows beyond question that in 1946 and for some years thereafter the Elk Horn Coal Corporation mined its properties in the Jackhorn area (some 6,000

acres in all) and operated a commissary in the town. In recent years and at the present time, practically all of their properties have been and are leased by Elk Horn Coal Corporation to Greer Ellison Coal Company. Greer Ellison Coal Company is mining three seams of coal on the properties and stripping and auguring in all three seams, and deep mining in two of them. It is also using the tipple near the commissary.

The commissary was closed in June 1957. At all times since then the building just across the road, owned and formerly operated by Elk Horn Coal Corporation as a soda fountain, has been leased by Elk Horn Coal Corporation for use not only as a soda fountain but also for the sale of a general line of groceries. Elk Horn Coal Corporation receives 10% of the gross sales made within the building. This arrangement produced income to the Elk Horn Coal Corporation averaging more than $1600 a year from 1959 to the time of the hearing in early 1963.

There is some other rather meager evidence that at the time of the hearing four stores were being operated in Jackhorn. Aside from the business conducted by the appellant and the lessee of the soda fountain these operations are not identified. It is shown, however, that in June 1961 Elk Horn Coal Corporation obtained three judgments against Jackhorn residents enjoining them from the use of the properties for business purposes. There is also some testimony for the appellants that their store is needed in Jackhorn, that otherwise patrons would have to go to Neon, about two miles away, to trade. As noted, however, a store is being operated by Elk Horn Corporation's lessee; this store is only a half a mile from appellant's property.

Finally there is some testimony concerning the operation of stores in other towns, in Fleming and to some extent in Haymond. These are different subdivisions and communities; they are some distance apart, and some distance from Jackhorn, separated by mountain ridges. This testimony is of a very sketchy sort. Its relevance to the Jackhorn community is not apparent. In any event it has no significant bearing on the issues here.

In our view the findings of fact made by the trial court are fully supported. The continued and continuing interest of the Elk Horn Coal Corporation in the mining and mercantile operations in Jackhorn and the Jackhorn area is amply shown. It is the owner of these properties; that Elk Horn Coal Corporation now operates them as lessor is not a change of sufficient substance to affect its right to enforce the restrictions in appellant's deed. The evidence is far from showing an abandonment or waiver of its rights.

While perhaps to some extent the restriction was designed to preserve the residential character of a part of the town of Jackhorn and was thus beneficial to other property owners similarly situated, we have little doubt that its primary purpose was to protect the interests of Elk Horn Coal Corporation. So considered the restriction must on this record be held still to be valid, reasonable in its objective, and reasonably limited as to territory and duration. Nor does the evidence show a sufficient change of conditions in Jackhorn as clearly to neutralize the benefits of the restriction and defeat its purposes and thus render its enforcement inequitable. The authorities cited below fully sustain this conclusion. Anness v. Freeman, Ky., 294 S.W.2d 77; Franklin v. Moats, Ky., 273 S.W.2d 812; Restatement of the Law of Property, quoted in Cochran v. Long, Ky., 294 S.W.2d 503, 505.

The decisions relied upon by appellants deal with factual situations radically different from the situation here and are clearly distinguishable.

The appellants also claim that they were entitled to a jury trial, and that its denial constituted reversible error. That

their answer and counterclaim raised issues of fact is not determinative. The question is whether the issues were historically and traditionally equitable or legal in nature. Johnson v. Holbrook, Ky., 302 S.W.2d 608. The issues involved herein and the contentions made by appellants are addressed to equity. 26 C.J.S. Deeds § 171a, page 1172 et seq., and § 171c, page 1177 et seq.; 43 C.J.S. Injunctions § 79, page 547 et seq. The trial court committed no error in denying a jury trial.

We recommend that the judgment appealed from be affirmed.

The opinion is approved and the judgment is affirmed.