UNITED STATES *v.* LOVING.

*(District Court, N. D. Texas.* March 27, 1888.)

1. INDIANS—TRESPASS ON INDIAN LANDS—GRAZING CATTLE.

Rev. St. U. S. § 2117, provides that "every person who drives or otherwise conveys any stock of horses, mules, or cattle, to range and feed on any land belonging to any Indian or Indian tribe, without the consent of such tribe, is liable to a penalty of one dollar for each animal of such stock." *Held,* that this penalty is recoverable when cattle are driven and permitted to graze on the lands of an Indian tribe a single day without permission.

2. SAME—OBSTRUCTION OF PERMITTED TRAIL.

One who makes a trail across Indian lands to the nearest accessible point of a permitted trail, incurs the penalty prescribed in Rev. St. U. S. § 2117, for grazing cattle on said lands without permission, although prevented by natural obstructions from entering said lands by the permitted trail.

At Law. Action to collect penalty under Rev. St. U. S. § 2117, for driving cattle on land belonging to the Indians.

This action was brought against J. C. Loving to collect the penalty for driving cattle into the Comanche, Kiowa, and Wichita Indian reservations.

McCORMICK, J., (*charging jury*.) This action is prosecuted to enforce the penalty provided for in the section of the law of the United States for the protection of the Indians:

"Every person who drives or otherwise conveys any stock of horses, mules, or cattle to range and feed on any land belonging to any Indian or Indian tribe without the consent of such tribe, is liable to a penalty of one dollar for each animal of such stock."

It is admitted that the defendant drove 1,200 head of cattle into the Comanche, Kiowa, and Wichita Indian reservation, and that said cattle had been so on the lands of said Indians for at least two days and a half, subsisting by grazing at will along the route they were traveling, or, if not at will, at least being allowed to graze for their subsistence for that time. The statute, as I construe it, is not limited to the meaning to range permanently or for any long period or an indefinite period of time to graze, but the offense is complete when they are so driven and permitted to range and graze one day. It is not disputed that there is a fixed trail well known to the defendant (as he testifies on the stand) through these lands of the Indians, in which persons have permission to drive cattle; but the defendant's cattle were not being driven on this trail, and it is no defense to this action that, by reason of inclosures or other obstructions on the Texas side of Red river, the defendant could not enter the Indian lands on the permitted trail. He could not make a trail of his own from some point where he chose to enter the Indian lands without permission, even to the nearest accessible point on the permitted trail, without incurring the penalty. There being no dispute about the facts of the case, you are instructed to return a verdict for the plaintiff, (the United States) for $1,200.