## UNITED STATES v. CONNOLLY et al.

### No. 305.

District Court, D. Montana.

Oct. 29, 1943.

John B. Tansil, U. S. Dist. Atty., and Roy F. Allan, Asst. U. S. Dist. Atty., both of Billings, Mont., for plaintiff.

John W. Coburn, of Cut Bank, Mont., and E. J. McCabe, of Great Falls, Mont., for defendants.

PRAY, District Judge.

The plaintiff seeks injunctive relief and damages in the above entitled cause against the defendants, who are Indian wards of the plaintiff and members of the Blackfeet Tribe of Indians, for unlawful trespass by defendants' livestock on certain allotted Indian lands of the Blackfeet Indian Reservation, in Montana.

Plaintiff contends that defendants have "no right to trespass upon the allotted Indian lands of their less ambitious and less fortunate fellow tribesmen in violation of the rules and regulations that have been established by the Secretary of the Interior, in accordance with the act of Congress."

The Court has considered the evidence in this case and is of the opinion that there can be no question that the material allegations of the complaint have been sustained by clear and convincing proof in respect to a willful trespass by the defendants in repeatedly permitting their livestock to graze on the lands of their neighbors. That the Secretary of the Interior has ample authority to make rules regulating the grazing of livestock on an Indian Reservation is found in the Act of Congress of June 18, 1934, 48 Stat. 986, 25 U.S.C.A. § 466, wherein it is provided as follows: "The Secretary of the Interior is directed to make rules and regulations for the operation and management of Indian forestry units on the principle of sustained-yield management, to restrict the number of livestock grazed on Indian range units to the estimated carrying capacity of such ranges, and to promulgate such other rules and regulations as may be necessary to protect the range from deterioration, to prevent soil erosion, to assure full utilization of the range, and like purposes."

Counsel for the government has set forth the pertinent rules and regulations adopted and promulgated by the Secretary of the Interior pursuant to authority conferred by the statute above quoted, and they appear to

be fair and reasonable and well within the scope of the statute.

While there are some discrepancies in the testimony of the witnesses as contended by counsel for defendants, there is sufficient credible testimony to satisfy the court that the defendants have been trespassing as alleged in open violation of the statute and regulations, resulting in damage to the property of others, although warned by the Government representatives on the reservation to desist. That the attitude and intent of the defendant, Brian Connolly, is clearly shown in his violation of the temporary injunction issued by this court in this cause. On many occasions the witnesses observed the Connolly horses and cattle in trespass both before and after the commencement of this suit. The evidence shows that his livestock scattered for a distance of ten to twelve miles from his range unit. His explanation was that the cattle had strayed, and in answer to a question in that respect replied that they had always done that. To show conditions as they existed about the time this case was tried, Mr. Stephenson, a government representative, testified that on May 3rd, 1943, a few days before the trial, he had observed 16 head of horses and 3 cows in trespass.

The only questions now with which the court is particularly concerned and raised by defendants' counsel is whether the evidence is sufficiently definite and certain as to the specific damages alleged, such as damage to grasses and other feed and forage and herbage growing on said lands and whether a penalty can be imposed under the pleadings and in view of the ruling in United States v. Ash Sheep Co., 252 U.S. 159, 170, 40 S.Ct. 241, 64 L.Ed. 507, relied upon by defendants' counsel, to the effect that a court in granting equitable relief will not add the collection of a penalty, an action for the statutory penalty being one strictly at law in which the defendants would have the right of trial by jury; that in the present case the defendants went to trial on the plaintiff's theory that the action was primarily equitable with compensatory damages as incidental and under that theory waived the right to have a jury pass on the issue of compensatory damages; that there is nothing in the complaint suggesting the recovery of any penalty, the prayer being for injunction, compensatory damages, and such "other and further relief as may seem meet and equitable." Counsel now claims that by the complaint having led the defendants to believe the plaintiff did not seek recovery of a penalty, plaintiff would not be permitted to change the theory to the prejudice of the defendants.

In reply to the argument of defendants that they have been deprived of the right of trial by jury, Rule 38 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for a trial by jury of any issue triable of right by jury, and the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. From a perusal of the allegations of the complaint it appears that the statutory provisions upon which plaintiff could rely for recovery are suggested by the facts alleged although no specific reference is made to the recovery of a penalty as provided in Section 179 of Title 25 U.S.C.A. Plaintiff in the brief contends that this section is one of the controlling factors of the measure of damages in the case and contributes such penalty in addition to the actual damages suffered by the Indian allottees. Rule 8(e) (2) provides that: " * * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in Rule 11."

In the Ash case, supra [252 U.S. 159, 40 S.Ct. 244, 64 L.Ed. 507], cited by defendants, the court held: "While the amount of the statutory penalty for the trespass was prayed for in the equity suit, yet the trial court, saying that equity never aids the collection of such penalties (Marshall v. Vicksburg, 15 Wall. 146, 149, 21 L.Ed. 121), and that no evidence of substantial damage had been introduced, limited the recovery to one dollar and costs * * *." Here the claim of penalty was based upon trespass by sheep on Indian lands under Sec. 2117, Revised Statutes of the United States, 25 U. S.C.A. § 179, and was recovered in an action at law, filed subsequent to the equity suit.

As will be noted, the rule provides that a party may state as many claims as he has, and here the claims and facts alleged and established show the number of livestock in trespass, clearly indicating the application of the above section as a penalty, although the prayer does not mention it in so many words. Under the rules and their interpretation by the courts counsel for the defend-

ants could have had a jury on the questions of damages and penalty if they had fully considered what provisions of the statutes and regulations might be invoked by plaintiff, if the facts alleged were proven. Under the practice established by the rules of civil procedure there is no distinction between actions at law and suits in equity. To permit the imposition of a penalty it is not necessary to consider whether this case should have been begun originally as a law action or as a suit in equity, and it does not appear that it would make any difference whether counsel had specifically demanded in the complaint the remedies to which plaintiff would be entitled. The court should grant the relief to which a party is entitled even though demand for such relief has not been made in the pleadings. Rule 54(c), 28 U.S.C.A. following section 723c.

As it seems to the court, whether the complaint in this action is regarded as an action at law, with equitable relief incidentally prayed for, or whether the complaint be considered as an action at law and a suit in equity joined, the parties are, as a matter of right, entitled to a trial by jury on all legal issues raised, if demand for a jury is made as the rules provide. Fitzpatrick v. Sun Life Assurance Co., D.C., 1 F.R.D. 713; Ransom et al. v. Staso Milling Co., D.C., 2 F.R.D. 128.

Consequently, having considered the arguments of counsel, the law and the proof, the court is now of the opinion that a penalty of $258, as prayed for, should be imposed against the defendants, with costs in favor of plaintiff, and that $1 in addition thereto should be assessed as nominal damages, because of insufficiency of proof as to specific items of damage as alleged in the complaint, also, that the temporary injunction heretofore issued be made permanent, and it is so ordered

Findings and conclusions and form of judgment in conformity herewith may be submitted.