UNITED STATES of America ex rel.
Eleanor CHASE, Appellee,

v.

Ronald WALD and Hayden
Thompson, Appellants.

No. 76–1666.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1977.

Decided June 20, 1977.

Rehearing and Rehearing En Banc
Denied July 21, 1977.

Kermit Edward Bye, Fargo, N. D., for appellants.

Judith A. Atkinson, Pierre, S. D., for appellee.

Charles E. Biblowit, U. S. Dept. of Justice, Washington, D. C., amicus curiae for United States; Peter R. Taft, Asst. Atty. Gen., and Raymond N. Zagone, Atty., Washington, D. C., on brief.

Before MATTHES, Senior Circuit Judge, and WEBSTER and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

Ronald Wald and Hayden Thompson, defendants in this action, appeal from a judgment of the United States District Court for the District of North Dakota[1] holding them liable to plaintiff, Eleanor Chase, an Indian, in the sum of $12,600.00 for having permitted two hundred head of their cattle to trespass on certain Indian grazing lands in which plaintiff has a beneficial interest.

Plaintiff is an enrolled member of the Three Affiliated Tribes of the Arikara, Gros Ventre and Mandan Indians and resides on the tribal reservation at Fort Berthold, North Dakota. Grazing lands on the reservation are held by the government in trust for the Indians, and individual Indians, like plaintiff, have beneficial interests in particular grazing allotments. The defendants are non-Indians, and there is no diversity of citizenship between the parties.

Although the government in its capacity as trustee for the benefit of the Indians residing on the reservation might have brought the suit itself, it chose not to do so. Nor has the government sought leave to intervene in the case formally, and it has not objected to the plaintiff's maintenance of the action or to her receiving for her own

---

1. The Honorable Bruce M. VanSickle, United States District Judge.

benefit the full amount of any recovery that she might be able to effect.[2]

The suit was brought by plaintiff as a *qui tam* action authorized by 25 U.S.C. § 201 to recover a civil penalty imposed by federal law for trespassing on Indian lands. Plaintiff also sought to recover compensatory damages measured by the value of the forage consumed by the defendants' cattle and the damage to the land that resulted from overgrazing by those animals.

In addition to 25 U.S.C. § 201, other statutes involved in the case are 25 U.S.C. §§ 179 and 466 and 28 U.S.C. § 1355. Also involved is a regulation issued by the Secretary of the Interior which deals with trespasses on Indian grazing lands and which appears in present form in 25 C.F.R. § 151.-24 (1976). That regulation was preceded by an earlier regulation which appeared in 25 C.F.R. § 71.21 (1956).

Section 179 provides that any person who "drives or otherwise conveys any stock of horses, mules, or cattle, to range and feed on any land belonging to any Indian or Indian tribe, without the consent of such tribe, is liable to a penalty of $1 for each animal of such stock." Section 201 provides that an action to recover the penalty just mentioned and other civil penalties imposed by Title 25, U.S.C. may be brought either by a private person as an informer or by the government. If an informer sues and recovers, he is entitled to retain one-half of the recovery with the other half being paid over to the government. Both § 179 and § 201 are derived from the Act of June 30, 1834, 4 Stat. 729 *et seq.* What is now § 179 was § 9 of the Act, and what is now § 201 was § 27 of the Act.

28 U.S.C. § 1355 gives the federal courts exclusive jurisdiction of all actions brought to recover penalties imposed by the law of the United States.

25 U.S.C. § 466 gives the Secretary of the Interior authority to promulgate regulations designed to protect Indian grazing lands. The regulation with which we are concerned seems to have taken its present form in 1969. It is entitled "Livestock trespass," and in pertinent part is as follows:

The owner of any livestock grazing in trespass on restricted or trust Indian lands is liable to a penalty of $1 per head for each animal thereof for each day of trespass, together with the reasonable value of the forage consumed and damages to property injured or destroyed. The Superintendent shall take action to collect all such penalties and damages and seek injunctive relief when appropriate. All payments for such penalties and damages shall be credited to the landowners where the trespass occurs. The following acts are prohibited:

(a) The grazing upon or driving across any individually owned, tribal, or Government lands of any livestock without an approved grazing or crossing permit.

(b) Allowing livestock to drift and graze on restricted or trust Indian lands without an approved permit  .  .  . .

As we read it, the regulation imposes a civil penalty for trespass and also imposes upon the trespasser liability for compensatory damages. The regulation manifests an administrative intent that recoveries effected under it shall redound to the benefit of the Indians whose lands have been the subject of unlawful trespasses.

It will be observed that the penalty imposed by the regulation is $1 per head for each trespassing animal for each day on which the trespass continues. For convenience, we will refer to this penalty as the "per diem" penalty. The earlier regulation which has been mentioned imposed a penalty of $1 per head of trespassing livestock but contained no per diem feature.

In her amended complaint plaintiff alleged that in 1973 the defendants unlawfully permitted a substantial number of their cattle to drift upon and graze the trust allotments in which plaintiff was beneficially interested. She claimed that she was

---

2. The government has filed an amicus curiae brief urging that the judgment of the district court be affirmed.

entitled to the per diem penalty prescribed by the regulation and to damages.

The defendants challenged the jurisdiction of the district court and denied liability on the merits.

The district court considered the jurisdictional question in an unpublished memorandum opinion and concluded that it had jurisdiction under 25 U.S.C. § 201 read in connection with 28 U.S.C. § 1355. We agree that the district court had jurisdiction, but we feel that the question calls for some brief comment particularly since there is an absence of diversity of citizenship between the parties and since the district court declined to base its finding of jurisdiction on 28 U.S.C. § 1331 or 28 U.S.C. § 1353.

▮ To the extent that plaintiff sought to recover a statutory penalty under 25 U.S.C. § 179 it is clear that the district court had jurisdiction under 25 U.S.C. § 201 and 28 U.S.C. § 1355. To the extent that plaintiff sought to recover compensatory damages, we think that in view of the fact that the government did not bring suit against the defendants, plaintiff had a personal cause of action for such damages, and that the district court had at least pendent jurisdiction of that cause of action which should have been exercised in the circumstances of the case.

The factual issues in the case were submitted to a jury on special interrogatories after the district court had overruled defense motions for a directed verdict.

The jury found that the defendants unlawfully permitted two hundred head of their cattle to go on plaintiff's allotment or allotments on August 15, 1973 and that the animals remained thereon until September 29 of that year; that the per diem penalty amounted to $9,000.00; that the value of forage consumed was $600.00; and that as a result of overgrazing the land had been damaged to the extent of $3,000.00.

The district court accepted the jury's findings and entered judgment against the defendants in the total sum of $12,600.00. Notice of appeal was timely filed after a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, had been overruled.

We do not understand the defendants to complain seriously about the factual findings of the jury, and in any event we are satisfied that the findings have substantial evidentiary support, and that the awards made on the basis of forage consumed and land damage were not excessive.

For reversal, the defendants take the fundamental position that if they are liable to plaintiff at all, their liability does not exceed the $1 per head penalty prescribed by § 179, and that on the basis of the jury's findings, their maximum liability would be $200.00.

The 1834 statute which included what is now § 179 was a comprehensive statute dealing with commerce between Indians and non-Indians and was also designed to keep peace on the frontier. Its objectives included the protection of the Indian country from incursions by white settlers and the protection of Indians from exploitation at the hands of non-Indians.

Section 9 of the Act, with which we are concerned, was reenacted as § 2117 of the Revised Statutes of the United States (1873) and has been construed by the federal courts in a number of cases.[3] In all of those cases the government appeared as plaintiff,[4] and none of them involved the

---

3. *Ash Sheep Co. v. United States*, 252 U.S. 159, 64 L.Ed. 507 (1920), *aff'g United States v. Ash Sheep Co.*, 254 F. 59 (9th Cir. 1918); *Fraser v. United States*, 261 F.2d 282 (9th Cir. 1958), *aff'g United States v. Fraser*, 156 F.Supp. 144 (D.Mont.1957); *Hanson v. United States*, 153 F.2d 162 (10th Cir. 1946); *Connolly v. United States*, 149 F.2d 666 (9th Cir. 1945), *rev'g in part United States v. Connolly*, 3 F.R.D. 417 (D.Mont.1943); *Dorris Bro's. v. United States*, 37 F.2d 346 (9th Cir. 1930); *Kirby v. United*

States, 273 F. 391 (9th Cir. 1921), *aff'd* 260 U.S. 423, 43 S.Ct. 144, 67 L.Ed. 329 (1922); *United States v. Loving*, 34 F. 715 (N.D.Tex.1888); *United States v. Hunter*, 21 F. 615 (E.D.Mo. 1884).

4. *Janus v. United States ex rel. Humphrey*, 38 F.2d 431 (9th Cir. 1930), to which we have been cited was not brought under what is now 25 U.S.C. § 179. It was a suit for damages for false imprisonment brought by an individual

current regulation with its per diem penalty.

There is no question that under 25 U.S.C. § 466 the Secretary has the power to prescribe regulations to protect Indian lands from trespasses and damages resulting therefrom. And the Secretary unquestionably has the power to cause actions to be brought in the name of the government to collect the penalty imposed by § 179, to recover damages to Indian lands resulting from trespass, and to enjoin continuing or threatened trespasses. But neither § 466 nor any other statute that has been called to our attention authorizes the Secretary to impose by regulation a civil penalty for trespass.

■ Hence, as far as the penalty involved in this case is concerned, the question boils down to whether the per diem penalty prescribed by the 1969 regulation is warranted by § 179; if it is not so warranted, it cannot stand. It is a well established rule of law that the rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. "Rather, it is 'the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.'" *Ernst & Ernst v. Hockfelder*, 425 U.S. 185 at 213, 96 S.Ct. 1375, 1390–91, 47 L.Ed.2d 668 (1976). *See also Real v. Simon*, 510 F.2d 557, 564 (5th Cir. 1975); *Ruiz v. Morton*, 462 F.2d 818, 822 (9th Cir. 1972); *Review Committee, Venue VII, etc. v. Willey*, 275 F.2d 264 (8th Cir. 1960). *Cf. Commissioner of Internal Revenue v. Acker*, 361 U.S. 87, 92, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959), and *Sell v. Parratt*, 548 F.2d 753 (8th Cir. 1977).

As this case demonstrates, it is one thing to penalize a person $1.00 per head with respect to livestock which he permits to trespass on the lands of another and a quite different thing to penalize him $1.00 per day per head for the duration of the trespass. That difference must have been as obvious to the Congress in 1834 and again in 1873 as it is to us today, and Congress has never seen fit to change the statute although presumably it has been aware that damages to Indian grazing lands by trespassing cattle and sheep present a more serious problem than was presented in the early or even in the late nineteenth century.

■ There is simply no basis in the statute for the per diem penalty that the Secretary has undertaken to impose by his 1969 regulation, and we hold that to the extent that the regulation imposes a penalty in excess of the $1.00 per head called for by § 179, it is invalid. To put it this way, the $9,000.00 penalty adjudged against the defendants by the district court was excessive by $8800.00.[5]

It does not follow, however, that the portion of the regulation which calls for compensatory damages in cases of livestock trespass is invalid. That portion of the regulation appeared in the earlier regulation that has been mentioned, and it was upheld in a case arising under the earlier regulation. *Fraser v. United States*, 261 F.2d 282 (9th Cir. 1958), *aff'g United States v. Fraser*, 156 F.Supp. 144 (D.Mont.1957). We likewise uphold it, and we hold that the questions of the value of forage consumed and the damages to plaintiff's lands resulting from overgrazing were properly submitted to the jury.

The judgment of the district court is vacated, and the case is remanded to that court with directions to enter a judgment in favor of the plaintiff in the sum of $3800.00 ($200.00 as statutory penalty under 25 U.S.C. § 179, $600.00 as representing the value of forage consumed by the cattle, and $3,000.00 as damages for overgrazing), plus the costs of the action in the district court. Each side will bear its own appellate costs.

who had been charged with a criminal violation of § 179.

**5.** We so hold with full realization of the fact that the Court of Appeals for the Tenth Circuit has just reached an exactly opposite conclusion. *United States ex rel. Whitehorse v. Briggs*, 555 F.2d 283 (10th Cir. 1977).