**Mrs. Vernon PORTER**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA.**

**No. SA–77–CA–385.**

United States District Court,
W. D. Texas,
San Antonio Division.

May 4, 1979.

H. David Peeples, Tinsman & Houser, Inc., San Antonio, Tex., for plaintiff.

George H. Spencer, Clemens, Weiss, Spencer & Welmaker, San Antonio, Tex., for defendant.

## MEMORANDUM ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SUTTLE, District Judge.

The Plaintiff, Mrs. Vernon Porter, instituted this action to recover insurance proceeds under the Veterans' Group Life Insurance (VGLI) program for the death of her husband, Colonel Vernon Porter. Pending is the motion for summary judgment filed by the Defendant, the Prudential Insurance Company of America. The undisputed facts are as follows:

On August 23, 1974, Colonel Porter was retired from active military service in the United States Army. At that time he was covered by a Servicemen's Group Life Insurance (SGLI) policy in the amount of $20,000. As a result of a terminal cancer condition, Colonel Porter was totally disabled at the time of his retirement. He was not assigned to the retired reserves. Colonel Porter paid no premiums for life insurance coverage under either the SGLI or VGLI programs on or after August 23, 1975. Neither Colonel Porter nor anyone on his behalf ever applied for VGLI coverage. Colonel Porter died on December 10, 1975. Mrs. Porter was the beneficiary of her husband's SGLI coverage.

The major disputed issue of fact is whether Colonel Porter was mentally competent during all or part of the period from August 23, 1974, to December 10, 1975. For purposes of the Defendant's motion, then, the court must assume that Colonel Porter was mentally incompetent throughout this period. *Northwest Power Products, Inc. v. Omark Industries*, 576 F.2d 83, 85 (5th Cir.), *rehearing en banc denied*, 579 F.2d 643 (5th Cir. 1978).

Since Colonel Porter was totally disabled on the date of his separation from the

Army, his SGLI coverage, the parties agree, remained in force for an additional year after his separation—that is, until August 23, 1975. *See* 38 U.S.C. § 768(a)(1)(A); 38 C.F.R. § 9.7(a)(1).[1] However, the parties disagree as to whether Colonel Porter's SGLI coverage was then automatically converted to VGLI coverage. The resolution of this disagreement presents a problem of statutory construction.

Title 38 U.S.C. § 768(b) provides in relevant part as follows:

> Each [SGLI] policy . . . shall contain a provision . . . that . . Servicemen's Group Life Insurance which is continued in force . . . under section . . . 768(a) . . ., effective the day after the date such insurance would cease, shall be automatically converted to Veterans' Group Life Insurance subject to (1) the timely payment of the initial premium under terms prescribed by the Administrator [of Veterans' Affairs], and (2) the terms and conditions set forth in section 777 of this title.

Title 38 C.F.R. § 9.3(c) provides in relevant part as follows:

> A member separated . . . from active duty . . . is eligible to be granted Veterans' Group Life Insurance in an amount not to exceed his . . . Servicemen's Group Life Insurance provided the initial premium is submitted to the administrative office within . . . 1 year [of such separation] if [he is totally disabled] . . .

Title 38 U.S.C. § 777(c) provides in relevant part as follows:

. . . In any case in which a member or former member who was mentally incompetent on the date he first became insured under Veterans' Group Life Insurance dies within one year of such date, such insurance shall be deemed not to have lapsed for nonpayment of premiums and to have been in force on the date of death. Where insurance is in force under the preceding sentence, any unpaid premiums may be deducted from the proceeds of the insurance. . . .

The Plaintiff argues that under 38 U.S.C. §§ 768(b) and 777(c) Colonel Porter's SGLI coverage was automatically converted to VGLI coverage on August 24, 1975. On the other hand, the Defendant argues that § 777(c) applies only when the initial premium on a VGLI policy has been paid. In short, the Defendant argues that Colonel Porter's failure to make the initial VGLI premium payment on or before August 23, 1975, in accordance with 38 C.F.R. § 9.3(c), renders § 777(c) inapplicable.

The Defendant would read the regulation—38 C.F.R. § 9.3(c)—to subvert the obvious intent of the statutes under which it was promulgated; that is, to protect mentally incompetent veterans from forfeiting their insurance coverage as a result of their inability to manage their own affairs. The Defendant's interpretation would result in little or no protection to veterans. Under its interpretation, if a veteran were incompetent and consequently unable to make his initial VGLI premium payment, he would forfeit coverage. On the other hand, if a mentally deteriorating veteran were sufficiently in control of his faculties to make his initial VGLI payment

---

1. Title 38 U.S.C. § 768(a)(1)(A) reads in its relevant parts as follows:

> Each [SGLI] policy . . . shall contain a provision . . . to the effect that any insurance thereunder . . . shall cease . . . one hundred and twenty days after the separation . . . from active duty . . ., unless on the date of such separation . . . the member is totally disabled . . ., in which event the insurance shall cease one year after the date of separation . . ., or on the date the insured ceases to be totally disabled, whichever is the earlier date, but in no event prior to the expiration of one hundred and twenty days after such separation . . .

Title 38 C.F.R. § 9.7(a)(1) reads in its relevant parts as follows:

> Coverage of any member . . . who is totally disabled at separation . . . shall continue for 1 year after the date of separation . . ., or until and including the date the insured ceases to be totally disabled, whichever is the earlier date, without further premium payments, but in no event shall such coverage cease prior to the expiration of 120 days after such separation . . .

but subsequently defaulted, the insurer would undoubtedly argue that the veteran was not mentally incompetent "on the date he first became insured," 38 U.S.C. § 777(c), and so coverage lapsed for nonpayment.

 Nowhere do the regulations in 38 C.F.R. Part 9 address the problem of the mentally incompetent veteran. Title 38 U.S.C. § 210(c)(1) provides in relevant part as follows:

> The Administrator [of Veterans' Affairs] has authority to make all rules and regulations which are necessary or appropriate to carry out the laws administered by the Veterans' Administration *and are consistent therewith* . . . . [Emphasis added.]

It is well settled that "[t]he rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. Rather, it is ' "the power to adopt regulations to carry into effect the will of Congress as expressed by the statute." ' " *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213–14, 96 S.Ct. 1375, 1391, 47 L.Ed.2d 668 (1976). In order to be valid, regulations must "be consistent with the statute under which they are promulgated." *United States v. Larionoff*, 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977). *See* also *Real v. Simon*, 510 F.2d 557, 564 (5th Cir.), *on denial of petition for rehearing*, 514 F.2d 738 (5th Cir. 1975); *United States ex rel. Chase v. Wald*, 557 F.2d 157, 161 (8th Cir.), *cert. denied*, 434 U.S. 1002, 98 S.Ct. 647, 54 L.Ed.2d 498 (1977). Therefore, this court holds 38 C.F.R. § 9.3(c) to be invalid insofar as it requires a totally disabled, mentally incompetent veteran to submit his initial VGLI premium payment within one year after his separation in order to avoid forfeiting his VGLI coverage.

Nor will this court interpret the statutes involved so as to subvert their underlying purpose. Accordingly, this court holds that under 38 U.S.C. §§ 768(b) and 777(c) one year and one day after the separation of a totally disabled, mentally incompetent soldier from the military, his SGLI coverage is automatically converted to VGLI coverage, regardless of whether he has made an initial VGLI premium payment.

Consequently, the Defendant's motion for summary judgment is denied.

SO ORDERED.