**Mrs. Vernon PORTER**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA.**

No. SA–77–CA–385.

United States District Court,
W. D. Texas,
San Antonio Division.

Feb. 8, 1980.

See also D.C., 470 F.Supp. 203.

Tinsman & Houser, Inc., San Antonio, Tex., for plaintiff.

George H. Spencer, Clemens, Weiss, Spencer & Welmaker, San Antonio, Tex., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SUTTLE, Senior District Judge.

The Plaintiff, Mrs. Vernon Porter, instituted this action to recover insurance pro-

ceeds under the Veterans' Group Life Insurance (VGLI) program for the death of her husband, Colonel Vernon Porter. The undisputed facts in the case are set out in *Porter v. Prudential Ins. Co. of America*, 470 F.Supp. 203 (W.D.Tex.1979). There, in denying the Defendant's motion for summary judgment, this court held that "under 38 U.S.C. §§ 768(b) and 777(c) one year and one day after the separation of a totally disabled, mentally incompetent soldier from the military, his SGLI [Servicemen's Group Life Insurance] coverage is automatically converted to VGLI coverage, regardless of whether he has made an initial VGLI premium payment." *Id.*, 470 F.Supp. at 206.

On November 20, 1979, the court held a non-jury trial in this case. The issue was the mental competency of Colonel Porter during the month of August, 1975, and specifically on August 23, 1975. Under this court's prior holding, if Colonel Porter were mentally incompetent during that month, his SGLI coverage would have automatically been converted to VGLI coverage, and the Plaintiff would prevail. On the other hand, if Colonel Porter were mentally competent during that month, his SGLI coverage would not have automatically been converted to VGLI coverage, and the Defendant would prevail.

 After hearing the evidence of the parties, the court makes the following findings of fact and conclusions of law. Any conclusion of law that is deemed to be a finding of fact is adopted as such. Conversely, any finding of fact that is deemed to be a conclusion of law is adopted as such.

## FINDINGS OF FACT

1. Colonel Porter was mentally incompetent during the month of August, 1975, and specifically on August 23, 1975. He was incapable of caring for himself or of managing his personal and financial affairs during that time.

2. On January 13, 1976, the Office of Servicemen's Group Life Insurance received due proof in writing that Colonel Porter had died and that the Plaintiff was making a claim for insurance proceeds.

## CONCLUSIONS OF LAW

1. Colonel Porter was mentally incompetent during the month of August, 1975, and specifically on August 23, 1975, for the purposes of 38 U.S.C. § 777(c).

2. 38 C.F.R. § 9.3(c) is invalid insofar as it requires a totally disabled, mentally incompetent veteran to submit his initial VGLI premium payment within one year after his separation in order to avoid forfeiting his VGLI coverage.

3. Pursuant to 38 U.S.C. §§ 768(b) and 777(c), on August 24, 1975, Colonel Porter's SGLI coverage was automatically converted to VGLI coverage.

4. The Plaintiff is entitled to recover insurance proceeds from the Defendant in the amount of $20,000.00, less four months of unpaid premiums totaling $27.20. 38 U.S.C. §§ 777(c) and (d).

5. The Plaintiff is not entitled to recover the 12% statutory penalty and the attorney's fees allowed under V.A.T.S. Insurance Code, art. 3.62. *West v. Harris*, 573 F.2d 873, 879–82 (5th Cir. 1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979).

6. The Plaintiff is entitled to recover prejudgment interest from the date payment was due under the policy provisions at the rate allowed by Texas law. *Id.*, 573 F.2d at 882–84; *Payne v. Panama Canal Co.*, 607 F.2d 155, 165–66 (5th Cir. 1979).

7. Payment was due under the policy provisions upon receipt by the Office of Servicemen's Group Life Insurance of due proof in writing that Colonel Porter had died while insured. Section 2, Article I, of Amendment to Group Policy No. G–32000 dated February 13, 1975.

8. Texas law allows recovery of prejudgment interest at the rate of 6% per annum. Vernon's Ann.Civ.St. art. 5069–1.03; *Rogers v. Aetna Casualty and Surety Co.*, 601 F.2d 840, 846 (5th Cir. 1979).

9. Accordingly, the Plaintiff is entitled to recover prejudgment interest on $19,972.80 from January 13, 1976, to date of judgment at the rate of 6% per annum.

10. The Plaintiff is entitled to post-judgment interest at the rate allowed by state law, currently 9% per annum. 28 U.S.C. § 1961; Vernon's Ann.Civ.St. art. 5069–1.-05; *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1324–25 (5th Cir. 1978); *Rogers v. Aetna Casualty and Surety Co., supra*, 601 F.2d at 846.