**UNITED STATES ex rel. William HALL, Sr., Plaintiff and Appellee,**

v.

**Albert HANSEN, Defendant and Appellant.**

**Civ. No. 9859.**

Supreme Court of North Dakota.

March 17, 1981.

James P. Fitzsimmons, North Dakota Legal Services, New Town, for plaintiff and appellee.

Mills & Moore, Bismarck, for defendant and appellant; argued by William R. Mills, Bismarck.

PEDERSON, Justice.

This is an appeal from a district court judgment dismissing a suit involving alleged cattle trespass and conversion on the Fort Berthold Indian Reservation. The district court concluded it lacked jurisdiction to resolve the matter. We affirm.

William Hall, Sr., is an enrolled member of The Three Affiliated Tribes and a resident of the Fort Berthold Indian Reservation. In October 1976, he filed a suit against Albert Hansen in the McKenzie County District Court alleging cattle trespass on reservation land held in trust for Hall by the United States Government. Albert Hansen is a Watford City area rancher and is not an Indian. Hansen counterclaimed for conversion [1] and alleged the existence of a valid grazing lease. Hall later withdrew his complaint, leaving only the counterclaim before the court.

The district court found that "the facts from which the complaint and counterclaim stem occurred on trust land held for the plaintiff by the United States Government located within the boundaries of the Fort Berthold Indian Reservation." The court concluded that it was without jurisdiction because the action involved an enrolled Indian and arose from within the boundaries of a reservation.[2] Authority cited for this conclusion included §§ 1322 and 1326 of Title 25, U.S.C., and a decision by this court, *Nelson v. Dubois*, 232 N.W.2d 54 (N.D.1975).

We said in *Nelson* that state jurisdiction over events occurring on reservation lands held in trust by the federal government "may be obtained only by state and tribal compliance with [25 U.S.C. §§ 1322 and 1326]." Sections 1322 and 1326 require that state jurisdiction over reservation matters be preceded by a "majority vote of the enrolled Indians within the affected area of Indian country." *Kennerly v. District Court of Montana*, 400 U.S. 423, 429, 91 S.Ct. 480, 483, 27 L.Ed.2d 507, 512 (1971). See, *Nelson, supra*. The Three Affiliated Tribes have not conferred jurisdiction upon North Dakota state courts in this manner, and thus the district court was correct in dismissing the action.[3] Hansen argues that Hall, by initiating suit in a state court, has consented or is estopped from objecting to state jurisdiction. However, parties cannot by consent or conduct give a court subject-matter jurisdiction not otherwise present. *Woodland v. Woodland*, 147 N.W.2d 590 (N.D.1967); 21 C.J.S. § 85, p. 128. Moreover, we have expressly held that consent by an individual Indian litigant does not allow a state court to hear a cause originating on a reservation. *Nelson, supra*.

---

1. Hansen alleges conversion of 102 cows, 4 bulls and 101 calves, worth in excess of $30,000.

2. It appears that Hall could properly have filed his trespass action in the federal district court. 25 U.S.C. §§ 179, 201; 28 U.S.C. § 1355; See, *United States ex rel. Chase v. Wald*, 557 F.2d 157 (8th Cir. 1977). Section 201 of 25 U.S.C. explains that such actions are to be "in the name of the United States," hence the instant case is entitled "ex rel" even though mistakenly brought in the state court.

3. Had Hall's action been brought before a proper (federal) court, Hansen's counterclaim would presumably, on a theory of ancillary jurisdiction, have survived the withdrawal of the complaint. See Rule 13(a), Fed.R.Civ.P., and Wright & Miller, Federal Practice and Procedure, Vol. 6, § 1414. Because the action was commenced in a court having no jurisdiction, the counterclaim needs an independent jurisdictional base which, we have concluded, does not exist here.

Therefore, we conclude that Hall in this case is not subject to the authority of the district court.

■ Hansen asserts that if Hall cannot be brought into state court, he (Hansen) will be without a remedy as no independent jurisdictional base exists to take the matter before a federal court. This, Hansen believes, is violative of a host of constitutional protections both state and federal, the foremost of which is the due process clause of the Fifth Amendment.

This court has noted the possibility that potential litigants will be without a forum to settle disputes originating on the reservation. *Nelson, supra.* However, this case differs from the situation in *Nelson* in one important circumstance. In *Nelson,* the tribal court was available to the parties but was jurisdictionally limited to cases involving no more than $300. Our review of the Fort Berthold Tribal Code discloses no similar jurisdictional limit. The Code provides for a tribal court with "jurisdiction of all suits wherein the defendant is a member of The Three Affiliated Tribes," and, further, over "all civil actions where the cause of action arose within the territorial jurisdiction of the courts," which jurisdiction is "coextensive with the exterior boundaries of the Fort Berthold Reservation." Fort Berthold Tribal Code, Chapter 2, Section 1(a); Chapter 1, subchapter 3, Section 2(a)(2); Chapter 1, subchapter 1, Section 2(a). A three-judge tribal court of appeals is available to "any party to a civil action ... dissatisfied with any final judgment, writ or order of the tribal court." Chapter 2, § 12(d). The chief justice of the Tribal Court of Appeals is required to have graduated from an accredited law school and to have been admitted to the practice of law in a state or the federal courts. Chapter 23, entitled "Damages," states no limit on recovery for torts, including conversion of property. Thus, because the crux of Hansen's claim—that he has no forum in which to seek a remedy—is without merit, we do not reach the constitutional issues he raises.

The dismissal of the claim by the district court is affirmed.

ERICKSTAD, C. J., VANDE WALLE and SAND, JJ., and LARRY M. HATCH, District Judge, concur.

LARRY M. HATCH, District Judge, sitting in place of PAULSON, J., disqualified.