**CONNOLLY et al. v. UNITED STATES.**

No. 10890.

Circuit Court of Appeals, Ninth Circuit.

May 23, 1945.

Rehearing Denied June 28, 1945.

E. J. McCabe, of Great Falls, Mont., and S. J. Rigney, of Cut Bank, Mont., for appellants.

John B. Tansil, U. S. Atty., and Merle G. Groene, Asst. U. S. Atty., both of Billings, Mont., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

The lower court erred in imposing the statutory penalty. This will clearly appear from a detailed review of the record.

The complaint, filed in the District Court of the United States in and for the District of Montana, Great Falls Division, against Daniel and Brian Connolly, two members of the Blackfeet Indian Tribe, charged the defendant appellants with driving and herding cattle and horses on premises of the Blackfeet Indian Reservation particularly described therein for which they did not have a grazing permit. The Blackfeet Indian Reservation was established by executive proclamation following a treaty between the United States of America and the Blackfeet and other Indian tribes. The Secretary of the Interior is empowered to make rules regulating grazing on the Indian Reservation.[1] The United States brings this suit on the theory that the Government through its Indian wards has control of these reservation lands.

The complaint alleges that the appellants refused to comply with orders to desist in their trespassing and, by reason of their continued trespass, forage on the particular lands is being destroyed and the Government "has no plain, adequate and complete remedy at law herein against the repeated trespassing of the defendants, and no remedy whatsoever, save in a Court of Equity where matters such as those hereinabove set forth are cognizable."

The complaint asked for a temporary injunction during pendency of action, damages of $1,341.00, and a permanent injunction on final hearing, and for "such other and further relief in the premises as to the Court may seem meet and equitable."

[1] 25 U.S.C.A. § 466.

There is no reference made in the complaint to the penalty statute, Section 179, Title 25 U.S.C.A.[2]

In the opening statement, counsel for the United States said:

"The complaint likewise sets forth that his trespass is a wilful trespass and in violation of Section 179, Title 25, United States Code.

"The complaint originally asked for a temporary restraining order which was granted by the Court ex parte, then a hearing was had for an injunction pendente lite which was likewise granted by the Court.

"*The case today is for the permanent injunction, and likewise for damages for trespass.*"

At this stage in the proceedings, the appellants were reasonable in assuming that although the Government conceivably might be entitled to press the matter of a statutory penalty for a wilful trespass as provided in Section 179, the complaint did not advise that the Government was on its day in court going to demand anything more than a permanent injunction and damages for the trespass only. The Government did not ask for the penalty.

The trial proceeded and throughout the record of testimony there is no mention of the penalty statute; no evidence was offered by the Government pertaining to the statute or in support of a penalty. Briefs were submitted and apparently, as indicated by the court's opinion, in the final arguments the penalty question was considered. The lower court awarded nominal damages of $1 for the reason that the damages were not proved, permanent injunctive relief, and a $258 penalty. The appellants contend that they went to trial on the theory that the action was primarily equitable with incidental compensatory damage, and on that theory did not ask for a jury trial, which they would be entitled to on the issue of the statutory penalty. The court said:

"In reply to the argument of defendants that they have been deprived of the right of trial by jury, Rule 38 of the Rules of Civil Procedure [28 U.S.C.A. following section 723c] provides for trial by jury of any issue triable of right by jury, and failure of a party to serve a demand as required by this rule and file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. From a perusal of the allegations of the complaint it appears that the statutory provisions upon which the plaintiff could rely for recovery are suggested by the facts alleged although *no specific reference is made to the recovery of the penalty as provided in Section 179 of Title 25, U.S.C.A.* Plaintiff *in the brief* contends that this section is one of the controlling factors of the measure of damages in the case and contributes such penalty in addition to the actual damages suffered by the Indian allottees. * * * Under the rules and their interpretation by the courts counsel for the defendants could have a jury on the question of damages and penalty if they had fully considered what provisions of the statutes and regulations might be invoked by the plaintiff, if the facts alleged were proved. Under the practice established by the rules of civil procedure there is no distinction between actions at law and suits in equity. To permit the imposition of a penalty it is not necessary to consider whether this case should have been begun originally as a law action or as a suit in equity, and, it does not appear that it would make any difference whether counsel had specifically demanded in the complaint the remedies to which the plaintiff would be entitled. The court should grant the relief to which a party is entitled even though the demand for such relief has not been made in the pleadings. * * * As it seems to the court, whether the complaint in this action is regarded as an action at law, with equitable relief incidentally prayed for, or whether the complaint be considered as an action at law and a suit in equity joined, the parties are, as a matter of right, entitled to a trial by jury on all legal issues raised, if demand for a jury is made as the rules provide. [Cases cited]." [Emphasis supplied.]

The lower court's opinion admits that no reference was made to the statutory penalty in the complaint. According to the trial court's opinion and as plainly shown by the record, the matter of the statutory

---

2 "§ 179. Driving stock to feed on lands. Every person who drives or otherwise conveys any stock of horses, mules, or cattle, to range and feed on any land belonging to any Indian or Indian tribe, without the consent of such tribe, is liable to a penalty of $1 for each animal of such stock. This section shall not apply to Creek lands. (R.S. § 2117; Mar. 1, 1901, c. 676 [§ 37], 31 Stat. 871.)"

penalty was never litigated. It might have been raised in final argument but that was after the evidence was in. The court says, "Plaintiff *in the brief* contends that this section [Section 179, Title 25 U.S.C.A.] is one of the controlling features * * *." The brief is not a part of the record.

Moreover, the trial court certainly approached this case as one for injunctive relief and incidental damages only, as all evidence as to consent or right to graze on unfenced lands of the reservation through treaty and agreement with adjoining owners was ruled out as being immaterial. The penalty statute defines a trespass *without consent*. Evidence of consent would be material in an action for enforcement of the penalty.

The question of damages is distinct from that of statutory penalty. The appellants might very well have waived their right to jury trial on the issue of damages, and yet, if the statutory penalty had been sought, demanded a jury trial.

■ We come to that important and somewhat intangible fusion of law and equity. The forms of actions and procedural distinctions have been abolished. In the instant action, this court agrees that the penalty might be awarded with the equitable relief, provided the penalty were sought and the matter litigated.

■ Although the distinctions between law actions and suits in equity are abolished, we must still keep in mind, in a case like the instant one, that statutes imposing penalties are strictly construed and pleadings to recover statutory penalties are likewise strictly construed. Furthermore, where the statute,[3] as here, provides a remedy for collection of a penalty, that remedy must be followed in form.

■ The lower court in considering the right to jury trial stated the parties are entitled to a jury trial as a matter of right on all the legal issues *raised*. We find no legal issue of penalty raised in this case. The appellants could not waive their right to a jury trial on a law point not in issue. The record should clearly show that the issue of law was raised and that the party clearly understood he was waiving a jury trial, particularly where the law question is raised outside of the pleadings. This duty is even clearer in the instant case where the defendants were wards of the United States Government.

■ The penalty as assessed is set aside but the judgment is otherwise affirmed.

---

[3] Section 201, Title 25 U.S.C.A.