**Lionel E. TURNER**

v.

**KAISER ALUMINUM AND CHEMICAL CORPORATION.**

Civ. A. No. 82–436–B.

United States District Court,
M.D. Louisiana.

Oct. 23, 1984.

Robert R. Faucheux, Jr., Reserve, La., for plaintiff.

W.S. McKenzie, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendant.

POLOZOLA, District Judge:

This matter is before the Court on the following motions which were filed by Kaiser Aluminum and Chemical Corporation (Kaiser): (1) motion for summary judgment; (2) motion for dismissal for failure to state a claim upon which relief can be granted; and, (3) motion to strike plaintiff's demand for a jury.

Plaintiff filed this suit contending he was improperly terminated by Kaiser. Plaintiff alleges his termination violated the plaintiff's constitutional rights as well as the employment contract between Kaiser and the United Steelworkers of America, Local 5702 (Union). Each of the motions will be discussed separately.

1. Motion for Summary Judgment

(a) Claims "sounding in tort"

■ Kaiser, in its motion for summary judgment, asserts that plaintiff's claim for libel and slander based upon Articles 2315 and 2316 of the Louisiana Civil Code and the claims arising under 42 U.S.C. §§ 1981, 1983 and 1985(3) have prescribed. Kaiser's contention rests upon the fact that the original complaint which was filed on May 27, 1982, stated that Turner's date of termination was May 29, 1980. Since Article 3492 of the Louisiana Civil Code governs the prescriptive period for actions "sounding in tort" [1], Kaiser urges that these claims have prescribed by the passage of more than one (1) year prior to the complaint being filed. However, plaintiff requested and the Court granted plaintiff leave of court to amend his complaint to reflect the correct date of termination which was May 29, 1981. Since the complaint was filed within one year of the corrected termination date, the complaint was filed timely. Therefore, the tort claims have not prescribed and the defendant's motion for summary judgment based on the prescription of these claims must be denied. The Court reserves the right to sever the state claims filed pursuant to Articles 2315 and 2316 of the Louisiana Civil Code.

(b) Claims based upon breach of contract

■ Defendant further asserts that plaintiff's claim arising from the alleged breach of the contract of employment between Kaiser and the union has prescribed in accordance with the provisions of 29 U.S.C. § 160(b). In *Delcostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the applicable prescriptive period for suits brought by individual employees against the employer and the union challenging the outcome of grievance and arbitration procedures is six months based upon the application of 29 U.S.C. § 160(b). The six months limitation for unfair labor practices under the National Relations Act was chosen because both the union's breach of its duty to represent its member and the employer's breach of the collective bargaining agreement often are also unfair labor practices. *Delcostello*, supra, 103 S.Ct. at 2283. The Fifth Circuit Court of Appeals in explaining the

---

**1.** *Berry v. Board of Supervisors,* 715 F.2d 971 (5th Cir.1983) and *Jones v. Orleans Parish School Board,* 679 F.2d 32 (5th Cir.1982), modified in part 688 F.2d 342, rehearing denied 693 F.2d 133 (5th Cir.1982), appeal dismissed and cert. denied, 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983).

*Delcostello* holding,[2] stated that the Supreme Court had "distinguished cases brought by employees attacking both the employer and the union for failing to deal with them fairly from the typical case of a union or employer suing to vacate a labor arbitration award." The court explained that in the former case, essentially *Delcostello*, the six month prescriptive period of 29 U.S.C. § 160(b) would apply, whereas in the latter cases, state limitations contained in state arbitration statutes would apply.[3] In a subsequent decision,[4] the Fifth Circuit Court of Appeals pointed out that *Delcostello* did not overrule *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL–CIO v. Hoosier Cardinal Corporation,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed. 192 (1966), which held that in an action by a union against an employer for damages caused by the employer's alleged breach of the collective bargaining agreement, the state limitation of actions based on oral contracts governed. Therefore, the state statute of limitations for a breach of contract is the appropriate period "in those cases which could be characterized properly as strict breach of contract actions." *J.C. Farr v. H.K. Porter Co., supra,* 727 F.2d at 504. In summary, one of three statutes controls the prescriptive period for a cause of action arising from the alleged breach of a collective bargaining agreement. 29 U.S.C. § 160(b) designates the prescriptive period if an employee is suing the employer and union challenging the outcome of grievance procedures and arbitration. *Delcostello, supra.* The state arbitration statute supplies the period if a party, usually the union or the employer, is suing to vacate a labor arbitration award. *International Union of Electrical, Radio and Machine Work-*

*ers, supra.* Finally, the state statute designating the prescriptive period for contract actions supplies the period if the action is a "strict breach of contract action." *J.C. Farr, supra.*

In the present case, the prescriptive period should be governed by 29 U.S.C. § 160(b). This action can neither be characterized as a "strict breach of contract" action nor as an action to vacate a labor arbitration award. It is an action where the employer's alleged breach could be characterized as an unfair labor practice. *Delcostello, supra.*

Since Turner failed to assert his cause of action for breach of contract within six (6) months of the arbitration proceeding,[5] this action has now prescribed. Therefore, Kaiser's motion for summary judgment on the claim alleging breach of the collective bargaining agreement must be granted.

**2. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

Kaiser moves for a dismissal of claims which plaintiff asserts under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(5) on the ground that Turner has failed to state a claim upon which relief can be granted.[6] An action should not be dismissed under a Rule 12(b)(6) motion unless it is evident that the plaintiff will not be able to prove a set of facts in support of his claim that would entitle him to relief. *Watts v. Graves,* 720 F.2d 1416 (5th Cir.1983) and *Johnson v. Wells,* 566 F.2d 1016 (5th Cir. 1978).

**(a) Plaintiff's Claim Under 42 U.S.C. § 1983**

Plaintiff has filed a claim under 42 U.S.C. § 1983.[7] For a person to be subject

---

**2.** *International Union of Electrical, Radio and Machine Workers v. Ingram Mfg. Co.,* 715 F.2d 886, 888 (5th Cir.1983), rehearing denied 720 F.2d 677 (5th Cir.1983), cert. denied — U.S. ——, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984).

**3.** See *Delcostello, supra,* 103 S.Ct. at 2287, 2289.

**4.** *J.C. Farr v. H.K. Porter Co.,* 727 F.2d 502 (5th Cir.1984).

**5.** October 19, 1981

**6.** F.R.Civ.P. 12(b)(6)

**7.** 42 U.S.C. § 1983 provides:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other per-

to suit under Section 1983, the alleged infringement of federal rights must be "fairly attributable to the state", i.e. there must be state action. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, at 937, 102 S.Ct. 2744, at 2754, 73 L.Ed.2d 482, at 495 (1982). See also *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) and *Delcambre v. Delcambre*, 635 F.2d 407 (5th Cir.1981). Kaiser contends that its decision to discharge Turner was a purely private act that did not constitute state action. The plaintiff, in opposition to the defendant's motion for dismissal, argues that Kaiser's adherence to federal statutes and "corresponding state laws" causes Kaiser's decisions to be made under "color of law" and, therefore, satisfies the state action requirement of Section 1983.

■ Plaintiff's contention that adherence to federal law, under any circumstances, could fulfill the requirement of state action under Section 1983 is erroneous. The statute gives a remedy against a person who "under color of *state* or *territorial*" law deprives a person of rights guaranteed by the Constitution. Section 1983 does not provide a remedy against persons, who under color of *federal* law, deprives one of such rights. *Zernial v. United States*, 714 F.2d 431 (5th Cir.1983). Therefore, plaintiff's contention that adherence to a federal statute, in certain circumstances, could fulfill the state action requirement for a Section 1983 action is totally without merit.

■ Plaintiff also contends that Kaiser's adherence to "corresponding state laws" causes the defendant's actions to constitute actions under "color of law." However, a state regulation, even if quite extensive, does not make a private company's action state action. *Jackson v. Metro-*

politan Edison Co., 419 U.S. 345, 95 449, 42 L.Ed.2d 477 (1974) and *Rendell-Baker v. Kohn, supra.* In *Blum v. Yaretsyk,* 457 U.S. 991 at 1004, 102 S.Ct. 2777, at 2786, 73 L.Ed.2d 534, at 546 (1982), the Court stated that "[a] state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice in law be deemed to be that of the state."[8] Adherence to a state regulatory scheme is insufficient to produce the state action prerequisite for an action brought pursuant to Section 1983 in light of recent decisions. In *Rendell-Baker v. Kohn, supra,* the Court held that a private school, whose income is derived primarily from public sources and is regulated by state authorities, does not act under color of state law for the purposes of 42 U.S.C. § 1983 when it discharges employees. Even though there is a dependence upon state funds and there is extensive regulation of nursing homes by the state, a decision to move patients from one facility to another could not be attributed to the state. *Blum v. Yaretsky, supra.* Even misuse of a state regulatory scheme by a private party would not constitute state action. *Lugar v. Edmondson, supra,* 102 S.Ct. at 2756.

The plaintiff contends in his opposition to the defendant's motion that 29 U.S.C. § 141 et seq. "seeks to discriminate against employees like the plaintiff". In *Lugar,* the Court held that although private misuse of a state statute does not constitute conduct that could be attributed to the state, a scheme created by statute is the product of state action. Therefore, the Court concluded that the allegation of use by a private individual of a state statutory scheme that is itself challenged as constitutionally in-

son within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

8. *Blum* is a decision discussing the state action requirement under the 14th Amendment; however, *Lugar v. Edmondson, supra,* 102 S.Ct. at 2754, both that the question concerning state involvement is the same in both Section 1983 cases and cases arising under the 14th Amendment. See also, *Rendell-Baker v. Kohn, supra,* 102 S.Ct. at 2770.

firm is sufficient to satisfy the state action element in stating a cause of action under Section 1983. *Lugar v. Edmondson, supra,* 102 S.Ct. at 2756. In the present case, however, there was no challenge to the state regulatory scheme. Only the federal scheme was challenged as discriminatory, and then only in the opposition to the defendant's motion and not in the complaint itself. Even if 29 U.S.C. § 141 et seq. were found to be constitutionally infirm, such a ruling would not give rise to a cause of action under Section 1983 because Section 1983 is a remedy against only those who act under color of state law, not federal law, as was discussed previously. See, also, *Zernial v. United States, supra.*

Since Turner has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983, Kaiser's motion to dismiss on this claim must be granted.

(b) 42 U.S.C. § 1985(3)

42 U.S.C. § 1985(3) provides a remedy against two or more persons who conspire for the purpose of depriving another of the equal protection of the law or the equal privileges and immunities under the laws. 42 U.S.C. § 1985(3). Liability under this statute arises only if there is both a conspiracy and an overt act in furtherance of such conspiracy, resulting in injury to the plaintiff. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) and *Collins v. Hardyman,* 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951).

Kaiser, in support of its motion to dismiss for failure to state a claim upon which relief could be granted, correctly asserts that the plaintiff failed to allege a conspiracy in his original complaint. However, plaintiff has been granted leave of court to amend his original complaint to allege a conspiracy among Kaiser's employees.[9] Therefore, since plaintiff's amended complaint alleges both a conspiracy and an act

in furtherance thereof, resulting in injury, the motion to dismiss the Section 1985(3) claim for failure to state a claim upon which relief could be granted must be denied, reserving to the defendant the right to file a motion for summary judgment on this issue at a later date.

3. Motion to Strike Demand for a Jury Trial under 42 U.S.C. § 1981

The Seventh Amendment's preservation of the right to a jury trial "in suits at common law" encompasses those suits in which legal rights are to be resolved, in contrast to those in which equitable rights and remedies alone are involved. *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). Three factors are used to determine whether there is a right to a jury trial: (1) customary manner of trying such a cause prior to the merger of law and equity; (2) kind of remedy sought; and, (3) practical abilities and limitations of juries. *Ross, supra,* 90 S.Ct. at 738 n. 10.

In the instant case, the plaintiff alleges damages, including punitive and compensatory damages, in the sum of $1,100,000. Further, Turner seeks reinstatement in addition to backpay and an adjustment to the wage rate, salaries, bonuses and benefits to the level he would be enjoying except for the alleged discriminatory practices of Kaiser.

Compensatory and punitive damages are legal issues and, as such, have been held to be proper issues for jury determination. *Whiting v. Jackson State University,* 616 F.2d 116, 122 (5th Cir.1980). Both compensatory[10] and punitive damages[11] may be awarded to 42 U.S.C. § 1981. Reinstatement and backpay are also available remedies under § 1981. However, these are equitable remedies and, therefore, there is no right to a trial by jury on these issues. *Jones v. Birdsong,* 679 F.2d 24 (5th Cir. 1982), rehearing denied 683 F.2d 417 (5th

---

9. Presumably the overt act in furtherance of the conspiracy was Turner's termination.

10. *Garner v. Giarrusso,* 571 F.2d 1330, 1338 (5th Cir.1978), rehearing denied 575 F.2d 300 (5th Cir.1978).

11. *Claiborne v. Illinois Central R.R.,* 583 F.2d 143 (5th Cir.1978) cert. denied 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979).

525

Cir.1982), cert. denied 459 U.S. 1202, 103 S.Ct. 1186, 75 L.Ed.2d 433 (1983).

■ Where both legal and equitable issues are presented in a single case, factual issues common to the equitable and legal claims must be submitted to a jury for a determination of the legal claim before a final court decision on the equitable claim. *Roscello v. S.W. Airlines, Co.*, 726 F.2d 217, 221 (5th Cir.1984), rehearing denied 732 F.2d 941 (5th Cir.1984). See also *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 900–01, 8 L.Ed.2d 44 (1962). There is one caveat, however, to this general rule. The plaintiff may not "unilaterally alter the genre of the proceeding" from one that is essentially equitable in nature by making unsupported allegations of legal claims. *Lynch v. Pan American World Airlines, Inc.*, 475 F.2d 764, 765 (5th Cir. 1973). In those cases, it is proper to deny the request for a jury.

■ In conclusion, there are both legal and equitable claims presented in this case. Under *Roscello*, Turner is entitled to have the factual issues common to both equitable and legal claims submitted to a jury for a determination of the legal claims before a final court decision of the equitable claims, unless the allegations for compensatory and punitive damages are unsupported. *Jones v. Birdson* and *Lynch v. Pan American World Airlines, Inc., supra.* Kaiser has not contended that such allegations are unsupported and therefore, its motion to strike the plaintiff's demand for a jury must be denied at this time. The Court reserves the right to submit certain interrogatories to the jury for its consideration and to, thereafter, decide certain equitable issues based on the answers given by the jury.

Therefore:

IT IS ORDERED that Kaiser's motion for summary judgment on the claims based on La.Civ.C. arts. 2315 and 2316 and the claims arising under 42 U.S.C. §§ 1981, 1983 and 1985(3) be and it is hereby DENIED.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment on the claim alleging breach of the collective bargaining agreement be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the defendant's motion to dismiss the claim pursuant to 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss the claim pursuant to 42 U.S.C. § 1985(3) for failure to state a claim upon which relief can be granted be and is hereby DENIED.

IT IS FURTHER ORDERED that the motion to strike plaintiff's demand for a jury for the claim pursuant to 42 U.S.C. § 1981 be and is hereby DENIED.