UNITED STATES of America

v.

FERRO CORPORATION.

Civ. A. No. 84–680–B.

United States District Court,
M.D. Louisiana.

Jan. 23, 1986.

Edward Gonzales, Asst. U.S. Atty., Baton Rouge, La., for plaintiff.

Warren E. Byrd, II, Asst. Atty. Gen., Baton Rouge, La., James D. Robertson, Environmental Enforcement Section, Land and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for intervenor.

Walter C. Thompson, Jr., Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, La., Jeffrey O. Cerar, Glenn M. Young, Squire, Sanders & Dempsey, Washington, D.C., for defendant.

POLOZOLA, District Judge.

The issue before the court is whether Ferro Corporation ("Ferro") is entitled to a jury trial in an action brought by the United States under Section 309(b) and (d) of the Clean Water Act.[1]

The court finds that Ferro is not entitled to a jury trial. Therefore, the motion of

---

1. 33 U.S.C. 1319(b) and (d).

the United States to strike defendant's request for a jury trial is hereby granted.

The United States filed this suit pursuant to Section 309(b) and (d) of the Clean Water Act against Ferro seeking an injunction to prohibit Ferro from violating the Clean Water Act; an order to have Ferro implement a pollution abatement program; and, the imposition of civil penalties for alleged violations. The State of Louisiana has intervened in this action seeking substantially the same relief. After the suit was filed, Ferro filed its demand for a jury trial. Thereafter, the United States filed its motion to strike Ferro's request for a jury trial.

Rule 38(a) of the Federal Rules of Civil Procedure provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Therefore, Ferro would be entitled to a jury trial in this case if such a right is given by the Clean Water Act or if the Seventh Amendment to the United States Constitution so requires. Ferro does not contend that the provisions of the Clean Water Act grant it a right to a jury trial. Therefore, the sole issue before the court is whether Ferro is entitled to a trial by jury under the Seventh Amendment.

The Seventh Amendment to the Constitution provides, in pertinent part, that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." This right necessarily is limited to a suit whose nature reflects an action existing at common law at the time the amendment was adopted.[2] This right to a jury trial is limited to those actions in which legal issues, as opposed to equitable issues alone, are to be resolved.[3] Furthermore, it is "the nature of the issue to be tried rather than the character of the overall action" that determines whether one is entitled to a jury trial.[4] In *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), the Court stated:

> ... the "legal" nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and third, the practical abilities and limitations of juries. Of these factors, the first, requiring extensive and possibly abstruse historical inquiry, is obviously the most difficult to apply. [Citation omitted.]

*Ross v. Bernhard*, 396 U.S. at 538, n. 10, 90 S.Ct. at 738, n. 10.[5] The fact that both legal and equitable issues are presented in the same case does not rescind a party's right to have a jury determine the legal issue.[6] If both legal and equitable issues are presented in the same action, the factual issues common to both the legal and equitable claims are to be submitted to a jury for a determination of the legal claim before the court makes a determination of the equitable claim.[7]

Thus, the specific issue before the court is whether or not there is any issue to be resolved in this case that is "legal" in nature. If there is a legal issue involved, Ferro would be entitled to a trial by jury on such a claim. In addition, Ferro would be entitled to have any factual issues common to the legal claim and any equitable claim submitted to a jury prior to the court's

---

2. *Atlas Roofing Co., Inc. v. Occupational Safety and Health Review Commission*, 430 U.S. 442, 458, 97 S.Ct. 1261, 1270, 51 L.Ed.2d 464 (1977).

3. *United States v. Louisiana*, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216 (1950).

4. *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970).

5. *See generally* 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 38.11[5] (2d ed. 1985).

6. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 900–01, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

7. *Roscello v. S.W. Airlines Co.*, 726 F.2d 217, 221 rehearing denied 732 F.2d 941 (5th Cir.1984) and *Turner v. Kaiser Aluminum and Chemical Corporation*, 602 F.Supp. 519, 525 (M.D.La. 1984).

determination of the equitable claim.[8] In order for the court to determine whether there is a legal issue presented in this case, the court must determine whether the imposition of civil penalty under the Clean Water Act is legal in nature.[9]

■ Ferro contends that when the government sues to collect a civil penalty, the Seventh Amendment provides a right to a trial by jury. In support of its contention, Ferro relies upon three Supreme Court cases: *Hepner v. United States*, 213 U.S. 103, 115, 29 S.Ct. 474, 479, 53 L.Ed. 720 (1909);[10] *United States v. Regan*, 232 U.S. 37, 47, 34 S.Ct. 213, 216, 58 L.Ed. 494 (1914);[11] and *Atlas Roofing Co., Inc. v. Occupational Safety and Health Review Commission*, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977).[12] In addition, Ferro cites a number of circuit cases as jurisprudential authority in support of its argument that it has a right to a jury trial when the government sues to collect a civil penalty for the violation of a statute.[13] Finally, Ferro argues that the congressional intent in imposing civil penalties under the Clean Water Act is to punish the violator and, therefore, act as a deterence to prevent other violations. Ferro contends that if the civil penalties are considered in this manner, the penalties would be similar to punitive damages, which is a legal issue. For the reasons which follow, the court finds that there is no right to a trial by jury in an action brought by the United States pursuant to the Clean Water Act, even in those cases wherein the government seeks the imposition of a civil penalty.

The court could find no case decided by the Fifth Circuit Court of Appeals which has ruled on the issue now pending before the court. However, the Fourth and Eleventh Circuit Courts of Appeals and one district court have refused to grant a jury trial when the government sought civil penalties under the Clean Water Act. *United States v. Tull*, 769 F.2d 182 (4th Cir.1985); *United States v. M.C.C. of Florida, Inc.*, 772 F.2d 1501 rehearing denied 778 F.2d 793 (11th Cir.1985); *United States v. Lambert*, 19 E.R.C. 1055 (M.D.Fla.1983). This court fully agrees with the conclusion reached in these cases and, therefore, finds that Ferro is not entitled to a jury trial in this action.

---

**8.** *Roscello v. S.W. Airlines Co.*, 726 F.2d 217, 221 rehearing denied 732 F.2d 941 (5th Cir.1984) and *Turner v. Kaiser Aluminum and Chemical Corporation*, 602 F.Supp. 519, 525 (M.D.La. 1984).

**9.** The United States' demand for an abatement program and for an injunction to prohibit violations of the Clean Water Act is clearly equitable in nature. *See*, e.g., *United States v. Louisiana*, 339 U.S. 699, 70 S.Ct. 914, 917, 94 L.Ed. 1216 (1950).

**10.** *Hepner v. United States*, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720 (1909) was an action brought to collect a $1,000 penalty assessed for a violation of the Alien Immigration Act. The court held that "[t]he defendant was, of course, entitled to have a jury summoned in this case ..." 213 U.S. at 115, 29 S.Ct. at 479. See also footnotes 14, 15 and 16, *infra*.

**11.** *United States v. Regan*, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494 (1914) was also an action to recover $1,000 as a penalty for an alleged violation of the Alien Immigration Act. In *Regan* the Supreme Court stated:

While the defendant was entitled to have the issues tried before a jury, this right did not arise from Article III of the Constitution or from the Sixth Amendment, for both relate to prosecutions which are strictly criminal in their nature ..., but it did arise out of the fact that in a civil action of debt involving more than twenty dollars a jury trial is demandable. 232 U.S. at 41, 34 S.Ct. at 216. See also footnotes 14, 15 and 16, *infra*.

**12.** In *Atlas Roofing Co., Inc. v. Occupational Safety and Health Review Commission*, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed. 464 (1977) the court referred to *Hepner v. United States*, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720 (1909) and *United States v. Regan*, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494 (1914), and stated "the Government could commit the enforcement of statutes and the imposition and collection of fines to the judiciary, in which event jury trial would be required." 430 U.S. at 460, 97 S.Ct. at 1272. See also footnotes 14, 15 and 16, *infra*.

**13.** *Illinois Citizens Committee For Broadcasting v. Federal Communications Commission*, 515 F.2d 397 (D.C.Cir.1974); *United States v. J.B. Williams Company, Inc.*, 498 F.2d 414 (2nd Cir. 1974); and *Connolly v. United States*, 149 F.2d 666 (9th Cir.1945).

Although Ferro relies heavily on *Hepner*,[14] *Regan*,[15] and *Atlas*,[16] these cases did not decide the issue before the court. The language in these three cases relied on by Ferro is clearly dicta. Furthermore, the express reservation by the United States Supreme Court in *Atlas* on whether the Seventh Amendment has any application in suits filed by the United States is clear indication that the Supreme Court has not required jury trials under the Seventh Amendment where the United States seeks civil penalties.[17]

In the *Tull* case, the Fourth Circuit applied the traditional legal versus equitable analysis in holding that a litigant was not entitled to a jury trial when the government filed suit under the Clean Water Act for the imposition of civil penalties.[18] Relying upon *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974), the Fourth Circuit stated that "[t]he Supreme Court has not gone 'so far as to say that any award of monetary relief must necessarily be legal [as opposed to equitable] relief' for purposes of determining the right to trial by jury."[19] Both the *Tull* and *Lambert* courts relied upon the fact that the penalty to be awarded is completely within the discretion of the court rather than on a set penalty.[20] This distinction is important because any reliance upon *Hepner* and *Regan* to provide a basis for a trial by jury under the Seventh Amendment for collection of a civil penalty must be diminished when such discretion in the amount to be awarded is involved because the Supreme Court characterized

14. As noted earlier in the opinion, *Hepner v. United States*, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720 (1909), was an action brought to collect a $1,000 penalty assessed for a violation of the Alien Immigration Act. The question before the court was whether a trial court could direct a verdict in favor of the government. *Id.* 213 U.S. at 103, 29 S.Ct. at 475. In resolving such issue in the affirmative the court stated:

> The defendant was, of course, entitled to have a jury summoned in this case, but that right was subject to the condition, fundamental in the conduct of civil actions, that the court may withdraw a case from the jury and direct a verdict according to the law if the evidence is uncontradicted and raises only a question of law.

*Id.* 213 U.S. at 115, 29 S.Ct. at 479.

15. *United States v. Regan*, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494 (1914), like *Hepner v. United States*, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720 (1909) was an action to recover $1,000 as a penalty for an alleged violation of the Alien Immigration Act. The question on appeal was whether the burden of proof necessary to recover such penalty was proof beyond a reasonable doubt that violation had occurred. *Regan*, 232 U.S. at 40, 34 S.Ct. at 214. Therefore, the statement by the court that

> While the defendant was entitled to have the issues tried before a jury, this right did not arise from Article III of the Constitution or from the Sixth Amendment, for both relate to prosecutions which are strictly criminal in their nature ..., but it did arise out of the fact that in a civil action of debt involving more than twenty dollars a jury trial is demandable.

is clearly dicta. *Id.* 232 U.S. at 47, 34 S.Ct. at 216.

16. In *Atlas Roofing Co., Inc. v. Occupational Safety and Health Review Commission*, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977), the plaintiff contended it had a right to a jury trial under the Seventh Amendment because the government's suit to collect civil penalties was similar to a suit for a money judgment. The court stated:

> [i]n light of our disposition of these cases we decline the respondents' invitation to decide whether the dictum in these cases correctly divines the intent of the Seventh Amendment or whether, as the respondents argue, the Seventh Amendment has no application to Government litigation and leaves solely to the Sixth Amendment the function of interposing a jury between the Federal Government and an individual from whom it wishes to exact a fine. (Citation omitted.)

*Id.* 430 U.S. at 449 n. 6, 97 S.Ct. at 1266 n. 6.

17. See footnote 16, *supra*.

18. In *United States v. Tull*, 769 F.2d 182 (4th Cir.1985) the court acted on the assumption that the Seventh Amendment applied to actions filed by the United States.

19. *United States v. Tull*, 769 F.2d 182, 187 (4th Cir.1985).

20. The other factors relied upon by the court in *United States v. Lambert*, 19 E.R.C. 1055 (M.D. Fla.1983) were (1) the fact that there was no private recipient of the penalty; and, (2) that the purpose of such penalty was to deter violations of the Clean Water Act.

both *Regan* and *Hepner* [21] as "action[s] in debt."[22]

In *United States v. M.C.C. of Florida, Inc.*, 772 F.2d 1501 (11th Cir.1985) the Eleventh Circuit held that actions brought pursuant to the Clean Water Act were equitable in nature and, therefore, there was no right to a trial by jury, even if the government did seek the imposition of civil penalties. The court, in reaching its conclusion that such actions were equitable in nature, relied upon *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 318, 102 S.Ct. 1798, 1806, 72 L.Ed.2d 91 (1982), wherein the United States Supreme Court stated that the Clean Water Act allowed "the exercise of a court's equitable discretion, whether the source of pollution is a private party or a federal agency, to order relief that will achieve compliance with the Act." *Weinberger v. Romero-Barcelo*, 456 U.S. at 318, 102 S.Ct. at 1806 *quoted in United States v. M.C.C. of Florida, Inc.*, 772 F.2d at 1507.

Finally, the court finds that Ferro's contention that the penalties involved in this case are the equivalent of punitive damages is without merit. The *Tull* court correctly disposed of this contention as follows:

... [T]he assessment of penalties intertwines with the imposition of traditional equitable relief. The district court fashions a "package" of remedies, one part of the package affecting assessment of the others. (Footnote reference omitted.) This combined relief serves several goals, including environmental preservation and fairness to third party property buyers as well as deterrence. In such circumstances, the seventh amendment is inapplicable. *See [NLRB v.] Jones & Laughlin*, 301 U.S. [1] at 48–49, 57 S.Ct. [615] at 629–630 [81 L.Ed. 893 (1937)], *quoted in Atlas Roofing*, 430 U.S. at 453, 97 S.Ct. at 1268 (seventh amendment inapplicable where "recovery of money damages is an incident to [nonlegal] relief even though damages might have been recovered in action at law," since equity courts historically granted such monetary relief.)[23]

For these same reasons, the court finds that Ferro is not entitled to a jury trial based on the contention that the civil penalties are equivalent to punitive damages.

To summarize, the court finds that Ferro is not entitled to a jury trial under the Seventh Amendment in the present action. This conclusion is based upon an equitable versus legal analysis of the claim asserted by the United States under the Clean Water Act. The court finds that the relief sought by the United States under the Clean Water Act is equitable in nature,

---

**21.** *Hepner v. United States,* 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720 (1909) and *United States v. Regan,* 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494 (1914).

**22.** Ferro's reliance upon *Connolly v. United States,* 149 F.2d 666 (9th Cir.1945), fails to recognize that the court's approval of a jury trial in a suit to collect a civil penalty for the violation of 25 U.S.C. § 179 rested upon the concept that an action to collect a debt is legal in nature. 25 U.S.C. § 201 is the enforcement statute for 25 U.S.C. § 179. Section 201 provides that "[a]ll penalties which shall accrue under this title shall be sued for and recovered *in an action in the nature of an action of debt....*" [Emphasis added.] Similarly, in *United States v. J. B. Williams,* 498 F.2d 414 (2nd Cir.1974), the Second Circuit erroneously relied upon *Connolly* as authority to allow a jury trial in such cases even "when [the amount of the penalty] was subject to the discretion of the court." *United States v.*

*J. B. Williams,* 498 F.2d at 423. Ferro also relies upon *Illinois Citizens Committee for Broadcasting v. F.C.C.,* 515 F.2d 397 (D.C.Cir.1974). In this case, the court stated that a licensee who paid a forfeiture after the issuance of a notice of apparent liability for the broadcast of obscene material had a right to a jury trial, but had waived such right. The court's reason for such statement was "[a]n action by the United States to recover a statutory penalty is of a common law nature for purposes of the Sixth [sic] Amendment. *Connolly v. United States,* 149 F.2d 666 (9th Cir.1945)." This court fails to understand the reliance upon *Connolly* as authority for the proposition that an action to recover a statutory penalty is of "common law nature" and, therefore, one is entitled to a jury trial under the Seventh Amendment.

**23.** *United States v. Tull,* 769 F.2d 182, 187 (4th Cir.1985).

even if the government does seek the imposition of civil penalties.[24]

Therefore:

IT IS ORDERED that the motion of the plaintiff, the United States of America, to strike the demand of the defendant, Ferro Corporation, for a trial by jury be, and it is hereby GRANTED.

---

**24.** Since the court has found that Ferro is not entitled to a jury trial, under this analysis, the court does not need to determine the alternative argument made by the United States in its motion to strike that Ferro waived any right to a jury trial by failing to assert its demand timely.